JOSHUA R. BALME and MARGARET BALME his wife,

*vs.*

RACHEL WAMBAUGH and TIMOTHY M. YOUNGLOVE, Administrators of Henry Wambaugh and Alois Fox.

Where a negotiable promissory note, by its terms payable on a day certain, and at a bank specified, has never been left at the bank, and the only authority of the bank and its officers is that conferred by the terms of the note, the payee being absent from the bank with the note in his possession and the maker informed thereof, a tender, by the maker to the cashier of the bank, of a sufficient amount in lawful money in payment of the note, made at the law day, *coupled with the condition* that the note be delivered to him, not kept good, nor in any manner renewed, does not discharge the lien of a mortgage given to secure the note.

A tender of payment, in order to operate as a bar to subsequent interest and costs, must be kept good.

A mortgage embracing lands in several counties, foreclosed as to the lands in a portion of such counties only, need not be recorded in the county in which no land was sold, in order to render the foreclosure regular as to the lands in the other counties, and in which the mortgage was recorded.

This action was commenced in the court of common pleas of Ramsey county, against Henry Wambaugh and Alois

Fox.   Pending the suit Henry Wambaugh died and his administrators were substituted for him as defendants.

The plaintiffs, in their complaint, asked that a certain mortgage executed by them to Henry Wambaugh, be decreed to be released as of the date of October 24, 1858, and to be cancelled and discharged of record, and that a foreclosure of the same might be declared void.

Upon a trial by the court without a jury, the facts appeared to be as follows:   On the 21st October, 1856, at the city of St. Paul, the plaintiff, Joshua R. Balme, for value received, made and delivered to Henry Wambaugh his promissory note of that date for $5,000, payable to the order of said Wambaugh two years after date at the Addison bank in Steuben county, New York, with interest at the rate of 26½ per cent. per annum, payable annually, and with a provision that upon default in the payment of the interest when due, the whole sum should draw interest at the rate of five per cent. per month from date until paid.   As collateral security for said note the plaintiffs gave to said Wambaugh the mortgage in question in this suit, covering lands of the plaintiff J. R. Balme situated in the counties of Dakota, Goodhue and Washington.   The mortgage contained the usual power of sale and was duly recorded in Dakota and Goodhue, but not in Washington county.

On the 20th October, 1857, at the city of St. Paul, the plaintiff J. R. Balme paid to said Wambaugh the interest upon the note for one year and the sum of $500 upon the principal.   On the 21st October 1858 the plaintiff J. R. Balme, in company with one Boardman his attorney, called at the Addison bank and tendered to the cashier of the bank the amount due upon the note, coupling with his tender a condition that the note should then be delivered to him.   This tender was repeated on each of the two follow-

ing days of grace, the third day of grace falling on Sunday. The plaintiff was informed by the cashier that Henry Wambaugh had departed for St. Paul with the note in his possession; but the cashier and Rachel Wambaugh wife of Henry Wambaugh each offered to receive the money tendered, and to give security that it should be applied in full payment of the note, and that the note and mortgage should be returned to Balme. These offers were declined. It did not appear that since the 23d October, 1857, said Balme had ever offered or been ready or willing to pay any part of the amount due upon the note.

On the 21st March, 1868, proceedings were instituted for the foreclosure by advertisement of the mortgage, so far as the same related to lands in Dakota and Goodhue counties, and on the 9th May, 1868, the lands in these counties were sold in parcels by the sheriff of Dakota county at Hastings, and were purchased for the aggregate price of $9520.00 by Henry Wambaugh, who received the usual certificate of purchase, which was duly recorded.

The defendant Fox claimed to be a purchaser from Henry Wambaugh of part of the lands sold under the foreclosure.

In July, 1858, the plaintiffs conveyed the lands in Dakota and Goodhue counties to one Marshall who on the same day re-conveyed the same to the plaintiff Margaret Balme.

Upon these facts judgment was ordered for the defendants. A motion for a new trial was made in the court below and from the order denying such motion the plaintiffs appeal.

LAMPREYS for Appellants.

SMITH & GILMAN and F. R. E. CORNELL for Respondents.

*By the Court*—MCMILLAN, J.—The first question pre-

sented for our determination in this case is, whether the lien of the mortgage from Balme and wife, the plaintiffs, to Henry Wambaugh one of the defendants, was discharged by a tender, at the law day, of the amount due upon the note to secure which the mortgage was given. The general rule is, that a tender, to be sufficient, must be without condition or qualification. *Brooklyn Bank vs. De Grauw*, 23 *Wend.* 342; *Wood vs. Hitchcock*, 20 *Ib.* 47; *Thayer vs. Brackett*, 12 *Mass.* 450; *Loring vs. Cocke*, 3 *Pick.* 48. But where it is the duty of the creditor on tender of payment to do a particular act, the offer to pay may be coupled with a demand upon the creditor to perform such act; *e. g.* in a case where, by statute, it is the duty of the creditor to give a release, on tender of payment a release may be demanded, for it is the performance of a duty imposed by law. *Saunders et al. vs. Frost*, 5 *Pick.* 260, 270; see also *Bevans vs. Rees*, 5 *M. & W.* 306. In the case at bar it distinctly appears by the finding of the court, that the note was by its terms payable at a particular day and place specified in the body of the note, the place specified being the Addison bank in Steuben county in the State of New York; that the note had not been left at the bank, and was not there at the time of the tender, of which fact the cashier of the bank distinctly informed Balme and Boardman at the time; that each offer of payment made by Balme and Boardman, or either of them, was made exclusively to the cashier of the bank, and in every instance was coupled with the condition that the note should be delivered to the said Balme or Boardman by the said cashier. That the cashier offered to receive the money in payment of the note and give security for the delivery of the note and mortgage, which offer was declined, and the payment of the money refused. The court also finds as follows: "It does not

appear that, since the 23d day of October A. D. 1858, the said Balme has ever offered or been ready or willing or is now ready or willing to pay the amount then or now due on said promissory note or any part thereof." Upon this state of facts it will be necessary to consider the rights and obligations of the parties to this note.

It is the rule of law in this country, settled by the great weight of authority, that, as against the maker of a note or the acceptor of a bill of exchange payable on a day certain at a specified place, the holder of the note, in order to maintain an action, is not bound to make a demand at the time and place specified. But if the maker was ready to pay at the time and place, he may plead it as he would plead a tender in bar of damages and costs, by bringing the money into court. *Wallace vs. McConnell*, 13 *Pet.* 136, and authorities cited.

Mr. Justice Thompson, in delivering the opinion of the supreme court of the United States in the case cited, says: "The place of payment in a promissory note, or in an acceptance of a bill of exchange, is always matter of arrangement between the parties for their mutual accommodation, and may be stipulated in any manner that may best suit their convenience.

"And where a bill or note is made payable at a bank, as is generally the case, it is well known that, according to the usual course of business, the note or bill is lodged at the bank for collection, and if the maker or acceptor calls to take it up when it falls due, it will be delivered to him and the business is closed. But should he not find his note or bill at the bank, he can deposit his money to meet the note when presented, and should he be afterwards prosecuted, he would be exonerated from all costs and damages upon proving such tender and deposit. Or, should the note or bill be made payable at some place other than a bank, and

Balme v. Wambaugh and Younglove.

no deposit could be made, or he should choose to retain his money in his own possession, an offer to pay at the time and place would protect him against interest and costs, on bringing the money into court; so that no practical inconvenience or hazard can result from the establishment of this rule, to the maker or acceptor. But, on the other hand, if a presentment of the note and demand of payment at the time and place are indispensable to the right of action, the holder might hazard the loss of his whole debt."

The principle, upon which this rule is based, is, that the money to be paid is a debt from the maker; that it is due generally and universally, and will continue due, though there be a neglect on the part of the creditor to attend at the time and place to receive or demand it; that it is a matter of defence on the part of the defendant to show that he was in attendance to pay, but that the plaintiff was not there to receive it, which defence generally will be in bar of damages only, and not in bar of the debt   *Bowie vs. Duvall*, 1 *Gill & Johnson*, 175.

We think it follows as a conclusion from this rule that when, as in this case, a note is made payable at a particular bank, the payee, as against the maker, does not, by *the terms of the note*, bind himself to have the note at the place of payment specified therein, at or after its maturity, for delivery to the maker upon payment or offer of payment by him; nor does he thereby constitute the bank or either of its officers his agent for any other purpose, or to any greater extent, than to receive the amount due upon the note, when unconditionally paid or offered as payment by the maker.

The holder of the note being absent with the note in his actual possession, and the only authority of the bank or its officers being such as was conferred by the terms of the note itself, Balme, the maker, had no right to make his offer or

tender of payment to the cashier conditional upon the delivery of the note to him.

We may, therefore, for the purposes of this case, without, however, intimating any opinion as to the correctness of either position, assume that, as the law now stands in this state, (1.) a sufficient tender and refusal of the debt will discharge the lien of a mortgage given to secure its payment, although the tender may not be kept good. (2.) That as between the maker and payee of a non-negotiable note, or a note negotiable but not endorsed and remaining in the hands of the payee, the maker may with an offer to the payee to pay the note, couple a demand for the delivery thereof; yet, under the rule above stated, the tender in this case was insufficient, and did not discharge the lien of the mortgage.

This conclusion also determines adversely to the appellants the point urged by them that " the tender stopped all intere st and damages on the note, and therefore the amount stated to be due on the note and mortgage in the notice of foreclosure at the date thereof, March 21st, 1868, to wit, $9620.84, is very greatly overstated, which alone would avoid the foreclosure;" for it is a sufficient answer to this point that, even if the tender had been sufficient, in order to operate as a bar to subsequent damages and costs, it must be kept good, which in this case was not done.

The further point urged by the appellants, that the foreclosure is void because the mortgage had never been recorded in the county of Washington, cannot be sustained. The mortgage was not foreclosed as to any portion of the real estate situated in that county, and under *subdiv.* 3, *of sec.* 2, *title* 1, *ch.* 81, *Gen. Stat.*, (*page* 562,) it is only necessary that the mortgage be recorded in the counties in which the land against which the mortgage is foreclosed is situated. The proceedings are therefore regular.

The order denying a new trial is affirmed.