### ANNIE L. MALONE ET AL. v. JAMES A. WRIGHT.

·Decided June 22, 1896.

1. Pledge—Tender—Conversion—Loss of Lien.

Where property is pledged to secure payment of money, a refusal by the pledgee to deliver on tender of the debt will not operate as a conversion nor

destroy his lien unless the tender is made in good faith and the refusal is without just or reasonable cause.

2. Same—Fact Case.

Two notes for $1200 each were pledged by a trading company, to which the owners had assigned them in blank for that purpose, to secure a debt of $5500, but were by agreement to be delivered up on payment of $1000. The owners, demanding return of the notes then and there, tendered the $1000 to the attorneys of pledgee, who held for collection the notes secured by the pledge but not the notes pledged. The attorneys replied that they had not possession of the notes and could not deliver them, and thought their client could not on account of the company which pledged them being in the hands of a receiver. A few days after, the pledgee offered to deliver the notes on payment of the $1000, which was refused. Held, that there was no unreasonable or absolute refusal by pledgee to deliver nor any offer in good faith by pledgor to pay, and that the lien was not lost.

3. Contract Construed.

Two notes for $1200 each were pledged by the owners as collateral security for payment of a larger note of a third party, with the right of the owners under certain conditions to receive back the two notes on payment of $1000 and on collection of the amount of one of them to have the other returned. Held, that the condition, on which they were entitled to receive back the notes by paying the $1000, did not apply to the right on payment of one note to receive back the other, which right was absolute; and the proper judgment should protect the right of the pledgee to apply the proceeds of the notes to the payment of his secured claim only to the extent of the amount of one note, after which the balance of the uncollected note should be returned to the pledgors.

ERROR to Court of Civil Appeals for Third District, in an appeal from Travis County.

The opinion states the facts.

*Chas. L. Lauderdale,* for plaintiff in error.—Defendant having placed the six thousand dollar note in the hands of his attorneys for suit and collection, and they having instituted suit on it, an offer made by Texas Trading Company, or plaintiff, to pay the amount for which said collateral notes were so pledged, and which offer if made to defendant would have constituted a valid tender, was, when made to such attorneys, a valid and sufficient tender. 9 Bac. Abr. Title Tender G., p. 327; 5 Law. R. R. and P., sec. 2528; McIniff v. Wheelock, 1 Gray, 600; Jackson v. Crafts, 18 Johns., 110; 1 Camp N. P. Rep., 478; Kirton v. Braithwaite, 1 M. and W., 309; Maffatt v. Parsons, 5 Taun.

Plaintiff having given defendant notice of her desire to so redeem the pledged notes for sufficient length of time to have enabled him to have had the said notes ready for delivery to her upon payment of the amount, an actual offer to pay, and an actual tender of said amount made by her, accompanied by a demand for return of said collateral notes, being otherwise a sufficient tender, was not a conditional tender because accompanied by such demand, neither of said collateral notes being then due, although the defendant had taken the collateral notes into and then had them in another state and was, for that reason, unable to return them when the tender was so made. 9 Bacon's Abr. Title, Tender, G. p. 331; Edwards' Bailment, sec. 311; 5 Law. R. R. & P. sec. 2533; Wooten v. Sherrard, 68 N. C. 336; Wheelock v. Tanner 39 N. Y. 486-7; Cass v. Higginbotham 100 N.

Y. 248; Mitchell v. Roberts 17 Fed. Rep. 776; McLean v. Pevine 10 Johns. 471; Bank v. Fant, 50 N. Y., 474; Wycoff v. Anthony, 90 N. Y., 442; Mahan v. Waters, 60 Mo., 167; Longboro v. McNevin, 5 Am. St. R., 435 (Cal.); Borden v. Borden, 4 Am. D., 32.

Plaintiff having been duly constituted nominee, and having fully acquainted defendant with all of said facts, and, as such nominee for Texas Trading Company, and in her own right as owner of said notes, having made to defendant a valid tender of said one thousand dollars before January 30, 1895, the lien of said pledge on said two collateral notes was absolutely extinguished. Wofford v. Unger, 55 Texas, 480; Mitchell v. Roberts, 17 Fed. Rep. 776; Longbro v. McNevin, 5 Am. St. Rep. 435 (Cal.); Maynahan v. Moore, 77 Am. Dec. 468, (Neb.); Cass v. Higginbotham, 100 N. Y. 248; Wycoff v. Anthony, 90 N. Y. 442.

The owner of the pledged notes, or the pledger, having given notice of their desire to redeem the pledge by payment of the amount due, and such notice being given for such reasonable length of time as to have enabled the pledgee to have the pledge at the place of payment named in said note ready for delivery on payment of such amount, if subsequently after lapse of such reasonable length of time, the owner, is at the said place of payment with such amount of money ready, able and willing to make, and for the purpose of making such payment and redeeming the pledge, but the pledgee, though he has left the principal note with his attorney there for collection, has denied the right of the pledgor and owner as such to redeem, and has taken said collateral notes with him, and then has them in his possession beyond the limits and jurisdiction of the State, and the said owner as such nominee, makes a tender of such amount to said attorneys, further tender is excused, and that is a sufficient tender to extinguish the pledgee's lien. Lucketts v. Townsend, 3 Texas, 119; 9 Bac. Abr. Title Tender G. p. 327-331; Edwards Bailments, sec. 224; 5 Law. R. R. & P. sec. 2534; Story, Bailment, sec. 439; Mahan v. Waters, 60 Mo. 167; Fuller v. Parish, 3 Mich. 218-9.

A demand by the pledgee of a chose in action of a greater sum than the amount for which it was pledged to him, or holding the pledge for such greater amount, and to which he is not entitled, constitutes a conversion by the pledgee, and executes a want of tender. Roberts v. Yarboro, 41 Texas, 453; Hearn v. Bitterman, 27 S. W. Rep. 158.

Under the express agreement that upon payment of one thousand dollars, to be credited on said six thousand dollar note, at any time before January 30, 1895, and further that "the payment by" the maker thereof of the first of said two twelve hundred dollar notes "due September 1, 1894, the amount of same being $1200, shall entitle the said Texas Trading Company, its assigns or nominee, to demand and receive back from said" defendant the other of said two notes, "and the proceeds of the one collected shall be properly applied as a credit upon said original note held by said" defendant against said Texas Trading Company, defendant is not after default in payment of the $1000 and after January 30, 1895,

entitled to a judgment final and absolute against the owner of said two collateral notes, establishing and decreeing a lien upon both of them to secure the payment of the entire six thousand dollar note without regard to the said condition that payment of the first of them shall entitle Texas Trading Company, its assigns or nominee to demand and receive back from the pledgee the other of said notes. Hathaway.v. Fall River Nat. Bk. 131 Mass. 14; Arendale v. Morgan, 5 Snead (Tenn.) 703.

The contract constituted a pledge of the Semple notes, to the amount of the value of the first of them when paid by or collected from the maker, on or after September 1, 1894, subject to be satisfied by payment of one thousand dollars at any time on or before January 30, 1895. Hathaway v. Fall River Nat. Bk. 131 Mass. 14; Arendale v. Morgan, 2 Sneed (Tenn.) 703.

*Rector, Thomson & Rector,* for defendant in error.—Rector, Thomson & Rector, at the time of said alleged tenders of $1000 by plaintiffs and demand upon them for the delivery of said notes, were not the agents of defendant to collect said sum and deliver said notes, the defendant never having delivered to them said notes nor authorized them to do anything therewith. The delivery of the $6000 note to Rector, Thomson & Rector for collection, in case the contingency should arise that would mature it, did not constitute them the attorneys or agents of defendant to collect said pledged notes. Bradstreet Co. v. Gill, 72 Texas, 117; Graham v. Saving Inst., 46 Mo., 186; Story, Agency, secs. 98, 99; Wait's Actions and Defenses, vol. 1, p. 434 et seq. The Central Law Jour., vol. 14, p. 135, and vol. 15, p. 36.

The court did not err in charging the jury that the tender by plaintiff of $1000 to Rector, Thomson & Rector, as the attorneys of Jas. A. Wright, accompanied with the demand upon them of the actual and immediate delivery of said Semple notes to her, at a time when Rector, Thomson & Rector did not have said notes in their possession, and when she had been informed of that fact, was ineffectual to destroy defendant's lien upon said notes, or to prove a conversion of them by defendant, plaintiffs never having notified defendant, or Rector, Thomson & Rector, that they would be ready, at any designated time or place, to pay said $1000 and receive said notes, and never having asked defendant, or said attorneys, to have the Semple notes ready for delivery at any time or place. Blankenship v. Berry, 28 Texas, 450; Ins. Co. v. Plaster Co., 3 Law. Rep. Ann., 92; Waldron v. Murphy, 40 Mich., 668; Post v. Springstead, 49 Mich., 91; Moore v. Norman, 18 Law. Rep. Ann., 360; Halton v. Brown, 18 Vt., 224; King v. Finch, 60 Ind., 420; Wood v. Hitchcock, 20 Wend., 47; Bulwer v. Newburg, 16 Minn., 116; Story v. Kewson, 55 Ind., 397.

Defendant could not be chargeable with a conversion of said notes, nor would his lien thereon be destroyed, unless he willfully refused, when it was in his power, to deliver up said notes to plaintiff, upon a valid tender

·of $1000, accompanied·by satisfactory proof that plaintiffs were entitled to make the tender; and in the absence of a positive agreement, the defendant was not bound to keep said pledged notes in the city of Austin, Texas, they being redeemable at no definite time before the 30th of January, 1895, simply because the secured note was payable there, but the tender must have been made to him where he was to be found. King v. Finch, 60 Ind., 420; Sage v. Ranney, 2 ·Wend., 532; Hunter v. DeConte, 6 Cow., 228; Holdane v. Johnson, 20 Eng. L. and E., 498; Poole v. Turnbridge, 2 M. and W., 223; Shepherd's Touchstone, 378; Crawford v. Paine, 19 Iowa, 178.

The plaintiffs having endorsed said notes to the Texas Trading Co., and thus clothed them with the apparent ownership thereof, are bound by the contract which said company made with defendant, he being ignorant of the ownership of said notes by plaintiffs, or of any limited authority of said company, and plaintiffs can claim no greater right under said contract than said company. Story, Bills, secs. 188, 189; Herman v. Gunter, 83 Texas, 69; Gannon v. Bank, 83 Texas, 274; Walker v. Wilson, 79 Texas, 187.

The Texas Trading Company having entered into a contract with de-· fendant wherein it delivered to him the two Semple notes on condition that they should be returned to said company or its nominee on payment of $1000 before January 30, 1895, or on payment of the first note falling due, its amount being $1200; and having further agreed to make certain payments on said $6000 note, sufficient to reduce it to $1500 on January 30, 1894, on which amount the interest was to be paid as provided in said original note; and having broken said· contract by a failure to pay said interest semi-annually, as provided in said note, said company forfeited its right to redeem said Semple notes, and defendant had a lien thereon to secure his entire indebtedness. Marsh v. Richards, 29 Mo., 99; Bank v. Hagner, 1 Pet., 465; Hamilton v. Thrall, 7 Neb., 218; Bruce, Admrx., v. Crews, 39 Ga., 548; Clark v. Weis, 87 Ill., 438.

·BROWN, Associate Justice.—Mrs. Annie L.Malone and her husband F. R. Malone instituted suit against James A. Wright in the 53d Judicial District Court of Travis County to recover the value of two notes for $1200 each, executed by F. J. and H. J. Semple, dated March 13, 1894, bearing ten per cent interest per annum from date, and alleged to be of the value of $1200 each, with the interest and attorney's fees thereon. Plaintiffs allege that Annie L. Malone was the owner in her own right and as her separate property of the said two notes and that she loaned the said notes to Texas Trading Company to be used by it as a pledge to the extent of $1000 to secure that amount on its note for $6000 in favor of the defendant and for the purpose of securing an extension of the last named note. She also alleged that the said notes were by the said Trading Company pledged to the defendant James A. Wright in accordance with the loan made by her to it to secure the sum of $1000 and that she

had made a valid tender of a thousand dollars as a payment upon the note due to the Trading Company, which tender was by the said James A. Wright refused, and which she claimed extinguished the lien upon the said notes, which were her separate property as aforesaid, and that the defendant James A. Wright converted the said notes to his own use.

The defendant answered by general denial and specially that the two notes described in the petition were pledged to him to secure a note of $6000 from the Texas Trading Company to him upon which was a credit of $500, with the condition that upon the payment of a thousand dollars on or before January 30, 1895, the said Trading Company should have the right to receive the said notes so pledged in return from this defendant. It alleged the failure to pay the $1000 as agreed and that the $6000 note due from the Texas Trading Company had matured by reason of the failure to pay interest thereon, and it prayed that he have judgment foreclosing his lien upon the said two notes made by F. J. and H. J. Semple for the full amount of the note due from the Texas Trading Company to him.

The facts found by the Court of Civil Appeals necessary to be stated are in substance as follows:    That on March 13th, 1894, Texas Trading Company was indebted to James A. Wright in the sum of $5500 and interest by promissory note, executed by said Company to Wright, and on that day the following agreement was entered into between the said Texas Trading Company and the said Wright.    The first part of the agreement recites the existence of the debt due by the Trading Company to James A. Wright, and the fact that the said Trading Company desired to secure an extension for the payment of the said note for one year, after which the following terms of the agreement are expressed:

"The Trading Company delivers to said James A. Wright as additional security for the purpose of better securing him in the payment of the said deed-of-trust note, two certain promissory notes dated September 4, 1893, both for the sum of $1200 each, one due September 1, 1894, and the other one due September 1, 1895, both bearing interest at the rate of 10 per cent per annum from maturity until paid, and both signed by Helena J. Semple and Frank J. Semple, and being secured by vendor's lien and deed of trust upon the sixty acres of land improvements, known as 'Annie Lillian Malone's Homestead,' both of said notes being made payable at Llano, Texas, to the order of Annie Lillian Malone, and both bearing the endorsement on back thereof of said Annie Lillian Malone and F. R. Malone, and Texas Trading Company.    It is understood and agreed that said James A. Wright shall hold and keep the two said 'Semple notes' as additional security, as hereinabove explained, but with the express agreement that the said Texas Trading Company, its assigns or nominee, may at any time thereafter before the 30th day of January, 1895, demand and receive back from said James A. Wright the said two 'Semple notes' by paying to him the sum of $1000 cash, the said $1000 cash so paid to be applied by him as a credit upon the said Texas Trading Company's note to said Wright; and it is further agreed that the payment by Helena J. Sem-

ple and Frank J. Semple of the first note due September 1, 1894, the amount of same being $1200, shall entitle the said Texas Trading Company, its assigns or nominee, to demand and receive back from said Wright the other unpaid 'Semple note,' and the proceeds of the one collected shall be properly applied as a credit upon the said original note held by said Wright against Texas Trading Company."

Here follows an agreement on the part of the Trading Company to make certain payments upon the note due from it to James A. Wright amounting to $1250, which payments were made, and it is unnecessary to notice that part of the contract further. A modification of this agreement was entered into at a subsequent date, which is as follows:

"It is agreed by and between the parties hereto that section number one of this contract is so modified and changed that it shall not give the Texas Trading Company the right to demand and receive the Semple notes upon the payment of $1000 as therein stipulated or upon the payment of the first of said notes falling due as therein stipulated unless the sums mentioned in section 2 of this contract to be paid weekly be all first paid, and paid at the times agreed to be paid. It is further agreed that if said sums of money agreed to be paid weekly mentioned in section 2 of this contract be not paid when due, then said Wright's agreement to extend the time of the payment of his said note shall be void and he can proceed at once to collect it."

The first contract and the modification thereof were both signed by the Texas Trading Company by F. R. Malone, Secretary, and by James A. Wright.

August 30, 1894, F. R. Malone, the husband of Mrs. Annie Malone, as the nominee of the Texas Trading Company, made a tender of the $1000 mentioned in said contract, being the amount that the Texas Trading Company was permitted to pay in order to redeem said notes to Rector, Thompson & Rector, on the condition that they would then and there deliver to said Malone the two notes of $1200 each before described. Rector, Thompson & Rector did not have possession of said notes and then and there so informed said Malone, and told him that James A. Wright had them, and they could not then and there deliver them, but Rector, Thompson & Rector had in their possession for collection the note due from the Texas Trading Company to James A. Wright, to secure which the said $1200 notes belonging to Mrs. Malone had been pledged. In September, 1894, a few days after the tender made by Malone to Rector, Thompson & Rector, James A. Wright tendered to Malone, the husband of Mrs. Annie Malone, and offered to deliver to him the two notes if he would pay the $1000, which he refused to do and which he has never done. When the notes were loaned by Mrs. Malone to the Texas Trading Company she and her husband endorsed them in blank; the Texas Trading Company likewise endorsed them in blank before delivering them to James A. Wright, who had no notice that the Texas Trading Company was limited in the amount for which it could pledge the notes.

In April, 1895, Wright recovered judgment against the Texas Trading Company on the note due from it to him for the sum of $5530.25, which is unpaid.

Upon trial in the District Court the judge instructed the jury to return a verdict for the defendant upon the claim of the plaintiffs against him and also to return a verdict for the defendant upon his cross-action against the plaintiffs. The verdict was returned in accordance with the instructions, the court entered judgment that the plaintiff, Annie Malone, take nothing in that action, and also entered judgment in favor of James A. Wright against the plaintiff, Annie Malone, that he should have and hold the said two collateral notes as collateral security to secure the payment of all of said $6000 note, and foreclosed the lien of the said Wright upon the said two notes, authorizing him to proceed to collect the same and apply the proceeds to the payment of the balance due upon the judgment in his favor against the Texas Trading Company. Annie Malone and her husband appealed to the Court of Civil Appeals of the Third Supreme Judicial District, which affirmed the judgment of the District Court and the said Annie Malone joined by her husband applied to this court for a writ of error upon the following grounds:

"First: That the District Court erred in instructing the jury that the alleged tender of $1000 to defendant was ineffectual, and that there was no evidence of a conversion of the notes by the defendant, and that no facts proved show that defendant lost his lien on the two $1200 notes, and in charging the jury to return a verdict for the defendant on plaintiffs' action against him.

"Second: The District Court erred in instructing the jury that there was no evidence tending to show defendant's knowledge of the limited right of the Texas Trading Company to use the two $1200 notes; that the failure to pay or tender the $1000 before January 30, 1895, entitled the defendant under the contract under which the notes were delivered to him by the Texas Trading Company to hold both of the $1200 notes as absolute security for the whole amount remaining due on the note from the Texas Trading Company to the said Wright, and in charging the jury to return a verdict for the defendant on his cross-action."

It is unnecessary for us to discuss the question as to what would be the effect of a proper tender of the amount for which the lien was given upon the notes in question, if such tender was improperly refused, because the facts do not show the tender in this case by the plaintiff's husband to have been made in such manner that a forfeiture of the lien would result from a refusal or that the refusal of the defendant was such as to work a forfeiture of the lien upon the notes. In order for a tender to have the effect claimed it must have been made in good faith with the intention to pay the money upon the debt, and must have been refused by the defendant without any just or reasonable cause for so doing. (Waldron v. Murphy, 40 Mich. 668; Post v. Springsted, 40 Mich. 90; Balme v. Wambaugh, 16 Minn. 116;

Moore v. Norman, 43 Minn. 428; 19 Am. St. Rep. 247; Moore v. Norman, 18 Law Rep. Ann. 359; Ins. Co. v. Plaster Co., 8 Law Rep. Ann. 90.)

When F. R. Malone made the tender to Rector, Thompson & Rector, as the attorneys of Wright, he knew that they did not have possession of the Semple notes, and he made the tender upon the express condition that those notes should be "then and there delivered to him." The terms of this condition precluded the possibility of an acceptance by Rector, Thompson & Rector and necessarily denied to them, as attorneys, any time in which to procure the notes for the purpose of delivering them to him. The tender was not made with intention or expectation that it would be accepted, but with the purpose of defeating Wright's lien upon the notes by a legal technicality. In the case of Waldron v. Murphy, supra, the court said, "In the present case upon a review of the facts we think the tender was not made under circumstances entitling it to be enforced in this way if at all * * * * * but the conduct of St. John (the party who claimed the forfeiture) if it had succeeded would have had the practical effect of very sharp practice. He knew Mr. Waldron's bodily infirmity and both he and Ashbaugh evidently contemplated that Waldron might not accept the money. He knew that the mortgages were not in Waldron's personal possession, and that it would be unreasonable to expect him to close any redemption without a personal examination or one made for him." The facts in this case are much stronger against the claim of the plaintiff to a forfeiture of the lien, because they show that F. R. Malone absolutely knew when he made the pretended tender that it would not, and could not, be accepted, and the facts justify the conclusion that the condition upon which the tender was made was so framed as to insure its refusal.

The refusal by Rector, Thompson & Rector cannot be considered as a refusal to receive the money; they stated to Malone that they had not possession of the notes, and therefore could not deliver them, and that they thought their client could not deliver the notes on account of the fact that the Trading Company was in the hands of a receiver, and he might be held responsible for the notes by the receiver. Two good reasons were given for not accepting the tender at the time. It was a sufficient reason that they had not the possession of the notes and the terms of the tender did not allow them time to obtain possession of them. Besides it was not unreasonable that they should hesitate to deliver the notes upon the tender made when they were not sure that the party claiming the possession had the right to receive them from their client. In the case of Waldron v. Murphy, the court said, "It has been held in this State that a willful and absolute refusal to accept a lawful tender discharges a lien, but there is no equity in attempting to avoid both lien and debt and the security should not be discharged by any action in which the conduct of the creditor is not unjustifiable. If the refusal of a tender is not unreasonable or absolute, we do not think a mortgage is cut off by it." This position is well sustained by the authorities and we think that the facts of this

case not only fail to show that the refusal was unreasonable or unjustifiable or that there was any improper motive on the part of the defendant or his attorneys in the transaction, but they do show that as soon as the defendant could do so he offered to deliver to Malone the Semple notes upon payment of the one thousand dollars, which Malone refused, and this offer was carried by the defendant into the court upon the trial, and he there again proposed to deliver the notes upon payment of the one thousand dollars, which was not accepted by the plaintiffs. There was no error in the court's charge so far as it directed the jury to find against the plaintiffs upon their action against the defendant Wright, because the evidence showed that Wright was lawfully entitled to the possession of the notes and the plaintiffs had no right to recover them from him.

The written agreement between the Texas Trading Company and James A. Wright provided in general terms that the two notes made by Helena and F. J. Semple should be held by Wright as security for the debt due from the Trading Company to him, but in the said agreement is embraced the following language: "It is understood and agreed that said James A. Wright shall hold and keep the two said Semple notes as additional security as hereinabove explained, but with the express agreement that the said Texas Trading Company, its assigns or nominee, may at any time thereafter before the 30th day of January, 1895, demand and receive back from the said James A. Wright the said two Semple notes by paying to him the sum of one thousand dollars in cash," the thousand dollars when paid to be applied as a credit upon the note. It was further expressly stipulated in the said agreement that the payment by Helena J. Semple and Frank J. Semple of the first note, due September 1, 1894, for $1200, should entitle the Texas Trading Company or its nominees to receive from Wright the unpaid Semple note. The effect of this qualifying clause was explicitly to limit the lien of Wright upon the two notes to the amount of one, that is—$1200, with the interest that might accrue thereon, for there was no time limited in which the Semple note should be paid in order to give the right to the Texas Trading Company upon its payment to receive the other note from Wright. Whenever the first note might be paid by Semple and his wife or collected from them by law, either by subjecting the property upon which the notes held a lien or otherwise, the Texas Trading Company or its nominee would have the right to have the other returned or to receive whatever amount of money should be collected upon the said notes after paying the first one. The Texas Trading Company had the right at any time before January 30, 1895, to redeem both of the notes upon the payment of one thousand dollars, but that right ceased at the expiration of the time stated. It did not, however, affect the other stipulation that upon the payment of the first Semple note, the other note should be returned to the Texas Trading Company or its nominee. The district judge who tried this case assumed in his charge that the two Semple notes were made security for the entire debt due from the Trading Company, and upon that basis charged the

jury to find for the defendant upon his cross-bill. In this respect the charge of the court was erroneous.

Upon the cross-bill filed by the defendant the judgment should have been entered that the defendant be decreed the right to hold and collect both of the "Semple notes" and upon the payment of the amount of $1200 and interest on the first note, the amount collected upon said notes over and above that which was necessary to satisfy the first, and interest thereon, to be paid over to Mrs. Annie Lillian Malone, or if the first of the said Semple notes shall be paid without sale of the property on which they hold a lien and without the necessity of enforcing both of the said notes in the collection thereof, then that the last of the two Semple notes be delivered to the said Annie Lillian Malone.

For the error in the charge of the District Court as above indicated and because the Court of Civil Appeals erred in not reversing and reforming the said judgment it is ordered that the judgments of the District Court and the Court of Civil Appeals be affirmed in so far as they affect the plaintiffs' right to recover in their original suit, and that the judgment upon the cross bill of the defendant be and the same is hereby reversed and such judgment be here entered as should have been entered in the District Court, to-wit, it is ordered and decreed that J. A. Wright be permitted to hold and collect the two notes executed by Helena and F. J. Semple to Annie Lillian Malone for the sum of $1200 each, dated March 13, 1894, bearing ten per cent interest per annum from date, with a lien upon certain property described in a deed of trust, referred to in the said petition; and that out of the proceeds of the said notes so collected he shall retain a sufficient amount to pay off and discharge the one of the said notes first due, with interest thereon, and the excess if any he shall pay over to the said Annie Lillian Malone as her separate property; and if the said Helena and Frank J. Semple shall without legal proceeding pay off the first of the said notes, then the said James A. Wright shall deliver the other note to the said Annie Lillian Malone as her separate property; and that plaintiffs in error pay the cost of the District Court and that the defendant in error pay the costs in this court and in the Court of Civil Appeals.

*Affirmed in part and reversed and reformed in part.*