## WILLIAMS v. BALL et al. (No. 6826.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1922. Rehearing Denied Jan. 3, 1923.)

1. Pleading 214(1)—On demurrer allegations of petition taken as established.

To test the sufficiency of a petition as against demurrer, allegations thereof must be taken as established.

2. Limitation of actions 100(6)—Action for fraud in land sale barred.

Where in action for fraud in a land sale it was alleged that land was sold plaintiff in 1913, and on discovery of deceit therein in 1915 plaintiff agreed to accept other lots in settlement and was furnished an abstract, which he laid away and did not examine till 1921, when defects in title were disclosed, and he brought action to recover the money paid on the first land, petition showed on its face that action based on the original contract was barred.

3. Limitation of actions 100.(11)—Limitations begin to run from discovery of fraud.

Limitation in actions for deceit, whether the remedy elected is for damages or rescission, begins to run from the time the fraud is discovered or could be discovered in the exercise of reasonable diligence.

4. Limitation of actions 100(11) — Proper diligence not shown in discovering defect in title.

As respects right of plaintiff, a lawyer, to recover for false representation of vendor that title to lots substituted for land purchased by plaintiff was good, where plaintiff received abstract in 1915, a casual examination of which would have disclosed the defects, and laid it away till 1921, when the. defect was discovered and he brought action, plaintiff used no diligence to discover the alleged misrepresentation, and the action was barred.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by James W. Williams against R. L. Ball and others From a judgment for defendants, plaintiff appeals. Affirmed.

James W. Williams and T. F. Mangum, both of San Antonio, for appellant.

Ball & Seeligsan and C. W. Trueheart, both of San Antonio, for appellees.

SMITH, J. [1] This appeal involves the sufficiency of appellant's petition in the court below, to which a ·demurrer was sustained. The facts alleged 'in the petition will be stated as true, in deference to the rule that, in order to ·test the ˜sufficiency of allegations as against a demurrer, such allegations must be taken as established.

Prior to 1913 appellant, Williams, resided in Nacogdoches, and was engaged in the practice of law, from which he derived an annual income of $1,500. In the year 1913 he was approached by one Sherman, a land salesman representing Jones & Naylor, the owners of a large body of land in McMullen and La Salle counties, which was being placed on the market for sale to prospectors or settlers, and, in reliance upon certain false and fraudulent representations made to him by Sherman, appellant purchased 10 acres of land in or near Fowlerton, in La Salle county, for which he agreed to pay $450, payable $25 cash and $10 a month. He moved with his family to Fowlerton, where he soon ascertained the falsity of Sherman's representations, and in 1915 served notice upon the representative of the owners that because of the deceit practiced upon him, and·of the worthlessness of the land he had purchased, he would pay no more of the purchase price thereof, whereupon the agent then in charge proposed that the owners would convey to him two town lots, without charge therefor, and would furnish "an abstract of title showing the title to be perfectly good," that the title had been approved by a good title lawyer, whose opinions were never questioned, and that the abstract of such title would be delivered to appellant along with the deeds to the lots. This offer appears to have been made as a settlement of appellant's complaint of the original transaction, and appellant accepted the offer, surrendered the original contract, and the new deeds and abstract were delivered to and accepted by him. This was in the year 1915. Appellant, upon receiving the deeds and abstract, "laid the abstract away," and in 1916 moved to San Antonio, and "in moving to San Antonio the abstract was misplaced, and lost for 5 years." He had not in the meantime made any examination of the abstract or records, or investigation of the title, but when he found the abstract in 1921 he examined it, and such examination disclosed what he alleges to be a defect in the title, whereupon he brought this suit against R. L. Ball, as executor, and

others, and, alleging the matters we have set out, sought to recover the purchase money he had paid out for the tract first purchased, and for damages occasioned to him by reason of the frauds alleged. The petition covers 13 pages in the transcript, but we have set out such facts as are material to the decision. The defendants below presented a number of exceptions to the petition, one of them being based upon the statutes of limitation, and this exception was sustained. The plaintiff declined to amend, the cause was dismissed, and this appeal resulted.

[2, 3] We are of the opinion that the petition shows upon its face that the cause of action asserted was barred by the statutes of limitation. The original contract, alleged to have been fraudulently procured from appellant, was executed in 1913. The vendee at once moved to the vicinity of the land conveyed, and, according to the allegations in the petition, soon became fully acquainted with all the facts refuting the truth of the representations he relied upon in making the contract. In 1915 he gave notice to the vendor of his knowledge of the frauds alleged, and of his intention to rescind the contract, which was a remedy clearly available to him at that time. Limitation in actions for deceit, whether the remedy elected is for damages or for rescission, begins to run from the time the fraud is discovered, or could be discovered in the exercise of reasonable diligence. Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109. Here, however, the petition affirmatively discloses that appellant knew of the fraud in the year 1915. This suit was not brought until in 1921, six years after such discovery, and, whether the two or four year statute applies, the cause based on the original contract was of course barred.

[4] The cause of action asserted upon the 1915 contract is based upon the false representation of the vendor that the title to the property there conveyed was good in the vendor. As we have stated, at the time this contract was delivered, and the transaction closed, in pursuance of an agreement to that end, the vendors delivered to appellant an abstract of the title to the two lots conveyed, which affirmatively showed the very defects appellant now complains of. The latter instead of examining this abstract, "laid it away" for a year, and, although he then searched for it, did not find it. He took no steps to procure another. He did not examine any of the records, which were available to him, and which showed the alleged defect he complains of, and now relies on, although it is alleged by him that there existed among many other purchasers of these lands a widespread belief that the title to these lands was questionable, and that he knew of this widespread doubt before and at the time of the representation, and that this very doubt was a very substantial element in retarding the sale and settlement of these lands. Appellant, notwithstanding these facts, did nothing to ascertain the condition of his title until in 1921, six years later, he happened to find his abstract, and, upon examining it, found the alleged defect in the title, and brought this suit. He now seeks to elude the bar of limitation by setting up his reliance upon the oral representation, and his ignorance of the fault in the title until he was enlightened in the manner stated. This state of the case presents the one question of whether or not by the use of a proper diligence he could have discovered the fault in the title at or approximately at the time of his purchase.

Ordinarily the question presented is one of fact to be determined by court or jury from the evidence. It is only when the pleading of the party asserting such diligence affirmatively shows facts which, as a matter of law, foreclose the issue against him, that the court may strike out such pleading. But, in determining the question, all the facts pleaded may be considered, particularly the situation and status of the parties, their relation to the transaction and each other, their means and capacity for ascertaining the facts, and the accessibility and availability of the facts and circumstances which lead to the truth. Here, the party charged with the duty of exercising diligence was a lawyer of many years' experience. He knew a widespread skepticism about the title to the larger body of land out of which the lots in question were carved, and had urged this as one of his reasons for repudiating his first contract. He was furnished an abstract of title to the lots purchased, whereby his adversary, whom he claimed had before defrauded him, had placed in his hands the very evidence which he now urges in support of his repudiation of the second contract. A casual inspection of this abstract would have disclosed to him, a lawyer, the very defect he now complains of. But, although once defrauded by those he was undertaking anew to deal with, and skeptical of the very title he was purchasing, he did not examine the abstract put in his hands for that purpose, but, after having it in hand for more than a year, mislaid it, and, instead of taking steps to replace it, or using his knowledge as a lawyer and examining the records which were available, he did nothing whatever in the matter until he happened, six years later, to run across the abstract originally furnished him, when he found the alleged defect. We think the facts alleged show, as a matter of law, that appellant used no diligence whatever to discover the alleged misrepresentation, and that his cause of action was barred by limitation. Kuhlman v. Baker, 50 Tex. 630; Borem v. Borem, 38 Tex. Civ. App. 139, 85 S. W. 48.

The judgment is affirmed.