### KARNES v. BARTON. (No. 6834.)

(Court of Civil Appeals of Texas. Austin. March 31, 1925.)

**1. Appeal and error ⟨Key⟩917(1)—Allegations of fact taken as true and intendments indulged in reviewing order sustaining general demurrer.**

In reviewing action of trial court in sustaining a general demurrer, every intendment must be indulged in favor of petition and all allegations of fact are taken as true.

**2. Pleading ⟨Key⟩223—Special exceptions not considered, where general demurrer is sustained.**

Where general demurrer is sustained, special exceptions should not be considered by court.

**3. Liens ⟨Key⟩16 — Equity will cancel lien for wrongful refusal to accept tender of debt secured.**

As a general rule, equity will cancel a lien for wrongful refusal to accept proper tender of the debt secured, where refusal is without reasonable cause and results in injury to tenderer.

**4. Liens ⟨Key⟩16 — Where lienholder wrongfully refuses tender of debt secured, enforcement of lien will be enjoined until lienholder is willing to do equity.**

Equity will not in every case cancel a lien for wrongful refusal of lienholder to accept tender of debt secured, but equity will inquire into facts and circumstances of each case, and, where justice demands, it will enjoin enforcement of lien until lienholder signifies a willingness to do equity and receive the tender.

**5. Vendor and purchaser ⟨Key⟩274(1)—Wrongful refusal to accept tender of debt secured by vendor's lien suspends right of foreclosure.**

Wrongful refusal to accept proper tender of an indebtedness secured by vendor's lien suspends lienholder's right to thereafter foreclose lien, unless he signifies a willingness to receive tender, and lien debtor then refuses to pay or keep tender good.

**6. Vendor and purchaser ⟨Key⟩287—Wrongful refusal to accept tender of amount due on judgment suspends judgment creditor's right to order of sale.**

Wrongful refusal to accept proper tender of amount due on a judgment foreclosing ven-

dor's lien suspends judgment creditor's right to have an order of sale issued and executed unless he signifies a willingness to do equity as the situation requires and accepts tender, and the judgment debtor then refuses to pay or keep tender good.

**7. Execution ⟨Key⟩171(1)—Sale restrained where creditor wrongfully refused tender.**

Where a stay of execution was arranged to allow judgment debtor to procure loan to discharge debt, but he failed to obtain loan, because judgment creditor wrongfully refused to accept tender and to release or transfer lien and thereafter judgment creditor caused an order of sale to issue, sale will be restrained until judgment creditor signifies willingness to do equity and accept tender.

**8. Vendor and purchaser ⟨Key⟩267—Wrongful refusal to accept tender of amount due on judgment on vendor's lien on homestead held not excused.**

Judgment creditor's refusal to accept tender of amount of indebtedness secured by vendor's lien on judgment debtor's homestead foreclosed by judgment, which also gave personal judgment on an account, cannot be excused, because judgment debtor did not tender amount due on personal judgment as enforcement of lien on homestead, as security for an open account is not permitted.

**9. Execution ⟨Key⟩172(5) — Where tender is wrongfully refused, equity will place tenderer in statu quo at date of tender.**

Where stay of execution was arranged to allow judgment debtor to procure loan from Federal Land Bank to discharge debt, and loan failed, because judgment creditor wrongfully refused proper tender and thereafter judgment creditor caused an order of sale to issue, but in suit to enjoin sale, creditor in his answer expressed a willingness to receive tender and release lien, *held* that equity will, under a prayer for general relief, require judgment creditor to place debtor in statu quo with reference to loan from federal land bank if possible, and, if not, to carry loan himself.

**10. Tender ⟨Key⟩18—Keeping tender good is necessary, where affirmative relief is sought.**

As a general rule tender must be kept good where affirmative relief is sought, but such rule does not apply in suit to enjoin execution sale where parties had agreed to a stay of execution to permit judgment debtor to obtain a loan to discharge the judgment, and loan was refused rendering debtor unable to pay because judgment creditor wrongfully refused to accept tender.

**11. Tender ⟨Key⟩18—Equity does not require that tender be kept good, where creditor renders debtor unable to keep it good.**

Equity will not require tenderer to keep tender good, where creditor has flatly and wrongfully refused it and by such acts has placed the tenderer in a position where he cannot make good the tender.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

---

Suit by W. C. Karnes against Walker Barton. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

S. O. Lovejoy, of Houston, for appellant. Scott & Davis, of Brownwood, for appellee.

BLAIR, J. The parties to this appeal will be designated appellant and appellee for convenience.

Appellant instituted this suit August 4, 1923, to cancel a judgment lien resulting from the foreclosure of a vendor's lien on his land, because appellee refused to accept a tender of payment of the judgment, and refused to execute a release or transfer of the lien upon request. A temporary writ of injunction was also sought to enjoin a sale of the land under an order of sale issued out of the suit in which the judgment was rendered after the tender was made, and after appellee's refusal to execute the release or transfer. His petition alleged the following facts:

In 1921, appellant owed appellee two debts, $812.69 upon an open account and $1,200, secured by a vendor's lien on 164 acres of land occupied by appellant as a homestead. The open account and a part of the vendor's lien debt matured in November, 1921, but because of shortage in crops appellant could not pay and upon the suggestion of appellee an agreement was made for appellant and his wife to deed the land, securing the $1,200 note, to appellee, who deeded it back to them, reserving a vendor's lien for $2,000, evidenced by four notes of $500 each, maturing 2, 3, 4, and 5 years from date, with the further understanding that application would be made to the Federal Land Bank for a loan of $2,000 with which to take up the four notes. The said bank refused the loan because of this attempt to evade the homestead laws. Thereafter, in December, 1922, appellant and his wife sued appellee to cancel these deeds and the purported vendor's lien, alleging that appellee fraudulently induced them to execute the deed and notes, attempting thereby to secure a lien upon their homestead. January 6, 1923, an agreed judgment was entered in that suit in favor of Barton against Karnes for $1,244.80, on the vendor's lien note with a foreclosure of the lien against the land, and for $812.69 upon the open account. The judgment recited a stay of execution for 100 days, which was agreed upon to give Karnes time to secure a loan from the Federal Land Bank with which to discharge the $1,244.80 judgment and the lien securing it. The loan was approved by said bank subject to a transfer or release of the lien by appellee; and on several occasions within the 100 days appellant tendered appellee the full amount, or slightly more than the judgment for $1,244.80, and requested him to execute a release of the lien on the land, but he refused to accept these tenders and to execute a release of the judgment lien unless Karnes would also pay the personal judgment for $812.69, and, as a consequence of these refusals, the Land Bank withdrew the loan.

The petition further alleged that appellee willfully, maliciously, and fraudulently prevented him from securing the loan contemplated from the Federal Land Bank by reason of his refusal to accept the tender and execute the release or transfer as requested. It further alleged that, notwithstanding these refusals, appellee had caused an order of sale to issue, and the land would be sold on August 7, 1923, unless the sale be enjoined; that appellant had no adequate remedy at law, and would suffer irreparable injury if the injunction was refused.

The petition prays for relief upon three grounds by reason of the facts alleged: First, that refusal to accept the tender of the judgment debt canceled the lien securing it; second, that appellant had no adequate remedy at law and irreparable injury would result if the land was sold under the order of sale issued after tender was refused; and, third, that appellant was entitled to general and special relief, in law and equity, by reason of the facts pleaded.

The temporary injunction was granted in vacation. At the next regular term of the court appellee's general demurrer to appellant's petition was sustained, and upon his declining to amend the cause was dismissed; hence this appeal. A disposition of the appeal is controlled by the following rules of law and equity.

[1] In passing upon the action of the trial court in sustaining the general demurrer, every intendment must be indulged in favor of the petition, and all allegations of fact are taken as true. Babb v. Miller (Tex. Civ. App.) 259 S. W. 177; Eldridge v. Eldridge (Tex. Civ. App.) 259 S. W. 209; Williams v. Ball (Tex. Civ. App.) 246 S. W. 422.

[2] It is also well settled in this connection that where a general demurrer is sustained the special exceptions should not be considered by the court. City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 213; Everett v. Henry, 67 Tex. 402, 3 S. W. 566; Bigham v. Channel Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656. The special exceptions in this case are in fact expository of the general demurrer and the action of the court passing upon them as special exceptions is immaterial.

The authorities conflict irreconcilably as to the effect of a refusal of proper tender of a debt as discharging the lien securing it. No good purpose can here be served by entering a general discussion of these conflicts. An annotation of them will be found in 12 A. L. R. 950. We have found no Texas case holding that a mere wrongful refusal to accept a tender of debt does as a matter of law cancel the lien securing it. Though we

find no case directly in point, the general conclusion of our courts, and of the great weight of authority, seems to be that a refusal to accept tender of a debt secured by a vendor's lien upon land does not as a matter of law cancel and discharge the lien, where no damages or injury result as a consequence of the refusal to accept tender. Tender under such circumstances merely stops interest and costs from the date of tender. Many reasons have been given for this rule. One reason is that to hold tender so cancels the lien would be nothing less than a forfeiture, and our courts do not favor forfeitures. Another reason is that since a refusal of tender does not discharge the debt, it should not discharge the lien securing it, for the lien is only an incident of the debt. Still another reason is that a cancellation of the security for the debt would in many instances destroy the debt. Brock v. Jones, 16 Tex. 468; Tooke v. Bonds, 29 Tex. 420; Malone v. Wright, 90 Tex. 56, 36 S. W. 420; Poff v. Miller (Tex. Com. App.) 235 S. W. 570; Simkins on Equity, p. 476.

[3, 4] A general rule was announced in the Malone-Wright Case, supra, that a tender in good faith of a debt and a refusal to accept it "without reasonable cause" would discharge a mortgage lien securing the debt. However, this question was not necessary to a decision in that case and it is so stated in the opinion. We have found no Texas case specifically applying this rule to any given statement of facts, but from what was said in that case and the other cases cited there it may be said that as a general rule equity will cancel a lien for wrongful refusal to accept a proper tender of the debt secured, where the refusal is without reasonable cause and results in injury to the tenderer. Equity will not, however, in every instance cancel a lien because the lienholder wrongfully refuses to accept a proper tender of the debt secured, but will inquire into the facts and circumstances of each case and where justice demands it, the enforcement of the lien will be enjoined until the lienholder signifies a willingness to do equity as the situation requires and receives the tender. These rules are salutary and are enforced to save a lien, as well as the debt secured, from forfeiture.

[5, 6] Another equitable rule is that a refusal to accept a proper tender of an indebtedness secured by a vendor's lien should suspend the lienholder's right to thereafter foreclose the lien, unless he signifies a willingness to receive the tender, and the lien debtor then refuses to pay or keep the tender good. Poff v. Miller (Tex. Com. App.) 235 S. W. 570, quoting with approval the above rule from McDaniels v. Reed, 17 Vt. 674. As applied to the facts alleged in appellant's petition, this rule is that appellee's refusal to accept the proper tender of the amount due him on the judgment secured by a lien resulting from a foreclosure of a vendor's lien on his homestead, should thereafter suspend his right to have an order of sale issued and executed to satisfy the judgment, unless he signifies a willingness to do equity as the situation requires and accept the tender, and the appellant then refuses to pay or keep good the tender.

[7, 8] In view of these rules, we think that equity should grant appellant injunctive relief and such other relief as he may be entitled to, if the facts alleged are sustained on the trial of this case, at least until appellee signifies a willingness to do equity as the situation in which he has placed appellant requires, and accept the tender and release or transfer the lien as requested. Appellant alleges that an extension staying execution for 100 days was made for the purpose of giving him time to secure a loan from the Federal Land Bank with which to discharge appellee's judgment debt and the lien securing it; that he obtained an approval of his application for the loan, but failed to complete it, because appellee refused the tender and refused to execute a release or transfer of the lien upon request, unless appellant would also pay his personal judgment of $812.69; and that, notwithstanding this tender and refusal to accept, appellee thereafter caused an order of sale to issue in satisfaction of the judgment lien, and that the land would be sold unless enjoined. Appellee's refusal to accept the tender was without excuse, for to enforce his demand for payment of the personal judgment before he would accept the amount due on the secured judgment would be nothing less than the enforcement of a lien upon the homestead as security for the open account indebtedness, and is just what the court held in that case could not be done. Poff v. Miller, supra.

[9] Injury resulted as a consequence of this refusal to accept tender, and to execute a release of the lien to the extent that appellant lost the loan contemplated by the parties in their extension agreement. A sale of the land under the order of sale to an innocent purchaser would undoubtedly cause irreparable injury to appellant. If these alleged facts are established on the trial of the cause, appellant would be entitled to the injunctive relief prayed for, and his petition is good as against a general demurrer. In view of the rules of equity herein announced, he would also be entitled to some character of relief under his prayer for general and special relief. Appellee denied that he had ever refused a tender, and says by his answer that he is now willing and ready to receive the tender and to execute a release of the lien. That being true, we think that if appellant establishes the facts alleged in his petition, appellee having now expressed his willingness to receive the tender and to execute the release, that he should be required as a matter of common justice and

equity to place appellant in statu quo as of date of the tender with reference to the completion of the loan from the Federal Lank Bank, if possible; if not, then he should be made to carry the loan on the same terms that the Federal Land Bank would have carried it, and refusing to do this, his lien should be canceled.

[10] It is not the law of this case as is contended by appellee and as found by the trial court when it sustained the general demurrer, or some expository demurrer thereto, that in order for appellant to discharge the lien in question he must keep good the tender; and further that since this suit is one seeking affirmative relief in the nature of an action to restrain the order of sale and to compel a cancellation of the lien, that the offer to pay is defective when considered technically as a tender, in this that there was no profert in curia. The money was not brought into court nor was it tendered at the time of trial. It may be said generally that a tender must be kept good where affirmative relief is sought by the one making the tender; but that rule has been subjected to many exceptions, and equity requires the case at bar be excepted from that general rule.

[11] Appellee flatly refused to accept the tender on several occasions, unless appellant would also pay his open account indebtedness represented by the personal judgment for $812.69. The facts alleged show that appellee well knew that appellant could only pay upon obtaining a loan, which was refused him because of appellee's own wrongful acts in refusing the tender and to execute the release or transfer of his lien. Appellee's demand for more than was due him on the judgment secured by a lien was at his own risk and peril. Poff v. Miller, supra. He cannot take advantage of his own wrongs which caused appellant to lose the loan with which he was to discharge the debt and lien according to the extension agreement between them. Appellant had the right, not only to expect, but to demand the execution by appellee of a release of his lien before he would be required to pay the judgment it secured. O'Connor v. Kirby Lbr. Co. (Tex. Civ. App.) 262 S. W. 557. This was necessary to relieve his land of this incumbrance, before the land bank would complete its loan. The land bank, or any other money lender would not be justified in tying their money up in a law suit, which at best is uncertain as to the outcome. Equity will not require a tenderer to keep his tender good where the creditor has flatly and wrongfully refused it, and by such acts has placed the tenderer in a position that he cannot make good the tender. The following authorities cited by appellant support our conclusion on this question. Pomroy, vol. 5, § 2110; 26 R. C. L. 644, p. 25, 654, p. 39; 26 R. C. L. 25; 26 R. C. L. 648, p. 30; 38 Cyc. 162; Jones on Mortgages, vol. 2, § 893; Black on Rescission, vol. 2, p. 1427, § 618; State Bank & Trust Co. v. Kelly et al. (Tex. Civ. App.) 202 S. W. 357; Poff v. Miller (Tex. Com. App.) 235 S. W. 470; Bledsou v. Palmer (Tex. Civ. App.) 81 S. W. 97; Miller v. Hodges (Tex. Com. App.) 260 S. W. 168; Taylor v. Hemphill (Tex. Civ. App.) 238 S. W. 986; Lewis v. Lee, 75 Ind. App. 263, 130 N. E. 443.

The cause will be reversed and remanded. Reversed and remanded.