## No. 2256.

### ANTONIA FLORES DE EVERETT V. PAUL HENRY ET AL.

1. CONSTRUCTIVE TRUST—FRAUD.—A trustee acting under a power to sell, who conveys the trust property to himself, thereby constitutes himself by his own fraud a constructive trustee, and he and all who purchase from him with notice, will be regarded in equity as holding the property in trust for the original beneficiary.
2. SAME—Circumstances which might validate such a sale will not be presumed, but must be proved by the purchaser, and in a suit to recover property thus conveyed by several trustees to one of their own number and afterwards conveyed by him to a third party, when the trustee and his vendee are both made defendants, it is not necesary to allege that the vendee knew of the decree which created the trust, or that he knew

that the trustees had sold the property to one of their number. These facts were in the line of the vendee's title, and it was sufficient to allege the title under which the vendee claimed. It was equivalent to charging him with knowledge of the fraud which constituted his vendor a constructive trustee.

3. PLEADING.—See the opinion in this case for a statement of the allegations in a petition by one of many parties in interest, the others not joining, to recover her interest in a trust estate, purchased by the defendant from one constituted a constructive trustee by his own fraud in conveying the trust property to himself, held good on general demurrer.

4. SAME.—In such a suit it is not error to join the trustees as defendants with the last vendee, with a prayer for cancellation of the conveyances made. If the plaintiff failed to recover the land by reason of want of notice of the fraud on the part of the purchaser, she was entitled to recover of the constructive trustee her interest in the purchase money paid to him. The fact that the petition showed no ground for recovering a monied judgment against the trustees afforded no reason for dismissing the suit.

APPEAL from Duval. Tried below before the Hon. John C. Russell.

*Bryant & Coyner,* for appellant, on their proposition that the trustee could derive no benefit from his purchase, cited 2 Pomeroy's Equity, sections 958, 1077, 1078, 1052, 1075; Bishop on Contracts, sections 250, 251, 252, 253; Cooly on Torts, page 523; 1 Perry on Trusts, sections 205, 129, 194, 195, 196, 197, 427, 432, 433; 46 Texas, 51; 2 Texas, 145; 11 Texas, 346; 15 Texas, 242; 19 Texas, 420; 53 Texas, 218; 33 Texas, 522; 56 Texas, 110; 63 Texas, 432; Wilter v. Davidson, 44 American Decisions, 715.

*McCampbell & Givens,* for appellees.

WILLIE CHIEF JUSTICE. The petition of the appellant alleged that Perez and Collins, two of the appellees, were by the district court of Nueces county appointed trustees for the heirs and assigns of Julian and Ventura Flores, to sell and dispose of certain lands, including lots seven, eight and nine in block forty-nine in the town of San Diego, belonging to said heirs. It further alleged that the appellant was one of said heirs, and as such entitled to a one-thirty-sixth interest in said lots. The trustees were to make titles to the purchasers of said lands, and account for the purchase money to the heirs and assigns of Julian and Ventura Flores. That on the twenty-ninth of November, 1875, Collins and Perez, as such trustees, fraudulently pretended to

convey to said Collins the above lots by making him a deed thereto for the nominal sum of seventy dollars, which was a cloud upon appellant's title. That Collins entered upon the lots and dispossessed appellant of her interest therein. That about the first of November, 1876, Collins sold the lots to Paul Henry for two thousand four hundred dollars, who took possession of the same and withheld them from appellant. Appellant further alleged that she had not discovered the fraud of the trustees until a few months before the commencement of this suit, as she reposed entire confidence in them. She claimed to recover of Henry her interest in the lots, together with rents, and in case Henry should have purchased without notice of her rights, that she recover of the trustees her interest in the purchase money received from Henry.

A general demurrer was filed to the petition, also special demurrers, setting up the statute of limitations of two, four and ten years; nonjoinder of the other beneficiaries of the trust, and that the petition was multifarious. The court sustained all the demurrers, both general and special, and, the plaintiff declining to amend, the cause was dismissed. From this judgment of the court the present appeal was taken.

That a trustee with power to sell can not sell to himself so as to divest the title of the cestui que trust, is an acknowledged principle in equity, and need not be discussed.

If he does purchase for himself he becomes a constructive trustee, made such by his own fraud, and equity will treat him and all purchasers from him with notice as holding the property in trust for the original beneficiary. (1 Perry on Trusts, sec. 195–200; 2 Id., sec. 787.)

If there are any circumstances connected with the sale which validate it, these are matters of proof on the part of the trustee or purchaser. If not proved, and nothing appears but the fact of the sale to himself by the trustee, and of purchase by a third party from him, with notice, the sale must be held void; and if the purchaser asserts title against the cestui que trust, the latter may recover the property from him.

The facts made apparent by the petition in this case are the trust character of the property, its sale by the trustees to one of their number, and its purchase from him by the defendant Henry. There is no allegation that Henry knew of the decree which created the trust, and appointed his co-defendants trustees for disposing of the trust property by sale; or that he knew that

these trustees had sold the trust property to one of their number. But these facts were in the line of Henry's title, and he could not trace it back to its source without being directly informed of their existence. To allege the title under which Henry claimed was therefore to charge him with notice that he had bought from a trustee with power to sell who had purchased the trust property from himself. It was to charge him with knowledge of the fraud committed by Collins, that rendered the latter a constructive trustee for the plaintiff, and to place Henry in the same position after his own purchase. The plaintiff had the right to have the property taken from the hands of this involuntary trustee, who was claiming it against the equitable owners. We think the petition showed a good cause of action against Henry, and that his general demurrer should not have been sustained. This renders it unimportant whether the special exceptions of the same defendant should have been sustained or overruled. If they were well taken, it would not have served any good purpose to amend the petition to meet the objections raised; for the court having held the petition bad on general demurrer, would necessarily have dismissed it though every special demurrer had been met and its force destroyed by a proper amendment. (Porter et al. v. Burkett, 65 Texas, 383.)

It may be that the facts to which we have referred would not entitle the plaintiff to any relief of a pecuniary nature against Collins and Perez. She can not recover the land from Henry and its purchase money from Collins and Perez; but she was entitled to recover the land from Henry if he had notice of the fraud of the trustees, and if not, she was entitled to recover the purchase money from Collins, or at least her interest in the land or money as the case might be.

Admitting that the petition showed no grounds for recovering a moneyed judgment against the trustees, this furnished no reason for dismissing the suit. It could proceed against Henry and the trustees for the purpose of having the conveyances to Collins and to Henry set aside, all the defendants being necessary parties to such a suit. (Story's Eq. Pl., secs. 207, 210.)

We think the general demurrer was improperly sustained, and for this error of the court below the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 18, 1887.