This suit was brought by appellant against the appellee construction company, Fred Gann, receiver for said company, and J. B. Langham, to recover the sum of $179.56, the alleged value of floor tiling furnished by appellant for repairing the floor in a building owned by Langham and situated on a lot owned by him in the city of Beaumont, and to foreclose an alleged materialman's lien on said building and lot. The petition alleges, in substance, that on March 22, 1907, James Edwards, manager of the Caswell-Preston Drug Company, which company was a tenant of the defendant Langham, occupying a building on a lot owned by said defendant at the corner of Pearl and Bowie streets in the city of Beaumont, came to appellant's place of business and selected tiling for the floor of the storeroom in said building occupied by said drug company, and ordered it to be delivered at said store; that appellant on the same day delivered the tiling at said store and at the same time sent to G. W. Junker, the agent of defendant Langham, the following notice and itemized statement or bill for said tiling:
"Mar. 22/07.
"Guy W. Junker, Agent, City: Notice. Owners of property for whom this material *Page 771 
is furnished, will be held responsible for payment of same until a copy of receipted bill is rendered.
702 1/4 sq. ft. floor tiling at 25¢ .... $175 56 20 letters at 20¢ ...................... 4 00
$179 56
"Furnished for floor Caswell-Preston Drug Co. [Same being under the signature of plaintiff.]"
That in reply to the said notice the said Guy W. Junker, on March 26th, wrote to plaintiff as follows: "Beaumont, Texas, March 26th, 1907. Texas Builders' Supply Co., City — Dear Sirs: I return you herewith invoice for tiling furnished in the Caswell-Preston Drug Company; beg to say that we have a contract with Mr. Reynolds for this floor complete including tiling, and your bill should be sent to him; we will pay for the job when completed according to the agreement. If it is your desire, however, to give us notice that you have furnished the tiling, will accept that, but this does not signify that this agency is indebted to you in any way. Yours very truly, Guy W. Junker." That thereafter the plaintiff conversed with the said Guy W. Junker, who stated that if plaintiff would obtain from Reynolds, manager of defendant company, an approval of the said bill and order to pay same, he (the said Guy W. Junker), as representative of defendant Langham, would pay the amount of said bill out of the contract price to be paid to the said Reynolds as manager of the said construction company; that thereafter, and on or about the 1st of April, 1907, the plaintiff procured from the said Reynolds a written approval of the said bill, and handed the same to the said Guy W. Junker. That thereafter the said Beaumont Construction Company or its manager, Reynolds, proceeded to lay the said tiling, and did lay the same in cement as part of the flooring of the said building, and same is now attached to said building as part of its flooring; that after the notice aforesaid of plaintiff's claim to the said Guy W. Junker, and after the approval of the said bill, the said Guy W. Junker, as agent for defendant Langham, paid to the said Beaumont Construction Company about $450 without the consent of plaintiff, and in prejudice of the plaintiff's rights; that, in response to repeated demands of plaintiff, the said Guy W. Junker, on April 17, 1907, answered plaintiff by letter as follows: "April 17th, 1907. Texas Builders Supply Co., City — Gentlemen: Your favor of April 16th inclosing bill for tiling for floor of the Caswell-Preston Drug Company received. I beg to say that this floor has never been properly finished. I am waiting for Mr. Reynolds to complete the same, when I will pay to you the amount of your bill. As soon as same is done I will ker." That said work has long since been completed and accepted by defendants, and the tiling aforesaid is now in constant use by defendant Langham and his tenants; that thereafter, on or about the 1st day of January, 1908, plaintiff demanded of the said J. B. Langham payment of its said bill, but the said J. B. Langham refused and failed, and has ever since refused and failed, to pay the same, or any part thereof, and the said Beaumont Construction Company and its said receiver, although often requested, have wholly failed and refused to pay the said claim of plaintiff or any part thereof. There are further allegations of an agreed arbitration of the claim and the failure of appellee Langham to comply with the decision of the arbitrator.
The prayer of the petition is for recovery of the value of the tiling against all of the defendants and for foreclosure of a materialman's lien upon the property described in the petition.
The trial court sustained a general demurrer and three special exceptions interposed by appellee Langham to plaintiff's petition, and, plaintiff declining to amend, his suit against said defendant was dismissed. Plaintiff was allowed to take a nonsuit as to the defendant Gann, who had not been served with citation and was beyond the reach of process of the court. Judgment by default was rendered against the defendant Beaumont Construction Company for the amount of plaintiff's claim. This appeal is prosecuted from the judgment sustaining the general demurrer and special exceptions of defendant Langham to plaintiff's petition.
If the general demurrer was improperly sustained, the judgment should be reversed regardless of whether or not the court erred in sustaining the special exceptions, because an amendment curing defects, which could only be reached by special exceptions, would not benefit the plaintiff if the petition so amended failed to state a cause of action, and, by sustaining the general demurrer, the court, in effect, held that the petition would be insufficient if amended to meet the special exceptions. Porter v. Burkett, 65 Tex. 387; Everett v. Henry, 67 Tex. 405, 3 S.W. 566; Stark v. Guffey Co., 80 S.W. 1081.
We think the court erred in sustaining the general demurrer. Giving the allegations of the petition every reasonable intendment, we think the facts alleged are sufficient to show that appellant acquired a lien upon the lot and building described in the petition for the value of the tiling furnished by it for the repair of said building. The allegation that the tiling was ordered by James Edwards, appellee's tenant, is followed by the allegation that appellee was furnished with an itemized bill at the time the goods were delivered and through his agent accepted notice that the tiling was furnished for repair of his building, which the agent admitted *Page 772 
was being repaired under a contract with the defendant Beaumont Construction Company. It is further alleged that the tiling was used by said contractor in repairing the building.
It is of no consequence that the tiling was selected and ordered by the tenant of the building. It was received by the contractor and placed in the building under his contract with appellee, and appellee was duly notified, at the time the material was delivered, that it was furnished by appellant for the repair of his building, and knew that it was to be so used by the Beaumont Construction Company under its contract with him for the repair of the building. These facts clearly appear from the allegations of the petition and are sufficient to establish appellant's lien unless he was required, in order to fix his lien, to file his account in the office of the county clerk as prescribed in article 3295 of the Revised Statutes. Section 37, article 16, of the Constitution of this state, declares that "mechanics, artisans and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon or material furnished therefor, and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." This language is plain and unambiguous. It does not direct the Legislature to pass a law giving or fixing a lien in favor of mechanics, artisans, and materialmen, but declares that such lien shall exist when labor is performed or material furnished under the named conditions, and directs the Legislature to provide by law for the speedy and efficient enforcement of such liens.
In the case of Bassett v. Mills, 89 Tex. 167, 34 S.W. 95, our Supreme Court, construing this provision of the Constitution, says: "This provision, in so far as it gives a lien, is as broad as language can make it. It includes materialmen who furnish material though to a subcontractor. It does not prevent the Legislature from providing for liens in cases not mentioned, nor, as we have held, does it prevent the Legislature from making reasonable regulations for the enforcement of the liens provided for in the section."
In the case of Strang v. Pray, 89 Tex. 525, 35 S.W. 1054, it is said that the lien in favor of one who has performed labor or furnished material for the construction of a building does not depend upon the statute, and the Legislature has no power to affix conditions of forfeiture to such lien. "It may, under the Constitution, provide means for enforcing the lien, and in doing so may prescribe such things to be done as may be necessary for the protection of the owner or purchaser of the property." In regard to the provision of the statute requiring notice to the owner of material furnished to the contractor and the filing and recording of his account by the materialman, the court in the case cited says: "Although it is not expressly declared that the purpose is to protect the owner by requiring notice to be given to such owner in the instances provided in the statute, and to protect subsequent purchasers by the record of the contract and bill of particulars, these provisions are proper provisions for the enforcement of the lien, and must be construed as having been, intended for the purpose to the accomplishment of which they are appropriate." It was held in this case that the provisions of the statute in regard to giving notice to the owner and filing and recording the contract was not required to be observed in order to, fix the lien against the owner when the material was furnished by the contractor, because in such case compliance with such provisions was not necessary for the protection of the owner. We think the holding in this case sustains the proposition that, when a materialman's lien is sought to be established against the owner of the property who made the contract for the construction or repair of the building, it is not necessary for the establishment of such lien that the account for such material should be filed in the county clerk's office; compliance with this provision of the statute being only necessary when the lien is sought to be established against a subsequent purchaser of the property. This construction of the statute is also sustained in the cases of Bank v. Taylor, 91 Tex. 81, 40 S.W. 876,. 966, and Beilharz v. Illingsworth,132 S.W. 106.
The provision of the statute requiring notice to be given the owner is necessary for his protection when the material is furnished by some person other than the contractor, and in such case notice to the owner is required. As before shown, the petition in this case alleges that notice was given the appellee as required by the statute.
The case of Berry v. McAdams, 93 Tex. 431, 55 S.W. 1112, does not sustain appellee's contention that the failure of appellant to file his account in the office of the county clerk, as required by the article of the statute before mentioned, defeats the lien given him by the Constitution. That case only holds that, when a person other than the original contractor furnishes material for the construction of a building in order to fix a lien therefor, he is required to give notice to the owner in accordance with the provisions of the statute. The expression, in the opinion that a failure to comply with the provisions of the statute defeats the lien when considered in the light of the issues involved on the appeal and the context of the opinion can only be understood to refer to the provisions of the statute in regard to notice to the owner, and cannot properly be regarded as in conflict with the *Page 773 
prior decisions of the court before cited, which were not referred to in the opinion, and which it is, we think, clear were not intended to be overruled.
What we have said disposes of the first and second special exceptions which were sustained by the trial court, as well as of the general demurrer.
The first special exception complains of the petition on the ground that it alleges that the tiling was purchased by James Edwards, manager for the Caswell-Preston Drug Company, neither of whom are parties to this suit, "and it is not alleged that said Edwards was a contractor with this defendant or had any rights under the law to bind this defendant or his property for the payment of the alleged debt of plaintiff herein." The petition does not seek to hold plaintiff by reason of the purchase of the tiling by Edwards, but because of the fact that it was delivered to and used by the contractor in the repair of appellee's building, and that appellee was duly notified of the delivery at the time of such delivery, and knew that the tiling was used in the repair of his building, and at the time of such notice he owed the contractor on the contract for the repair of the building a sum largely in excess of the value of the tiling. As we have before said, the fact that Edwards selected and ordered the tiling from appellant is of no consequence, and neither he nor his principal were necessary or proper parties to this suit.
The second special exception raises the exact question which we have discussed in passing upon the general demurrer; that is, whether the failure of appellant to file his account with the county clerk in accordance with the statute defeats his claim to a lien under the provisions of the Constitution above quoted. As above stated, we think this question should be answered in the negative.
The remaining special exception sustained by the trial court attacks the petition on the ground that it shows upon its face that appellant's cause of action, if any he has against appellee, is barred by the two-year statute of limitation. The record does not show when appellant's suit was filed. The amended petition to which the exception was addressed was filed more than two years after the alleged cause of action accrued, but there is no recital in the amended petition showing when the original petition was filed, nor is such a date shown elsewhere in the record. Such being the case, the exception raising the question of limitation should not have been sustained.
These conclusions require that the judgment of the court below be reversed and the cause remanded, and it is so ordered.
 Reversed and remanded. *Page 950