## COOPER et ux. v. CASSELBERRY.
### (No. 9491.)

(Court of Civil Appeals of Texas. Fort Worth. March 12, 1921.)

1. **Appeal and error ⬅️843(4)—On review of ruling sustaining general demurrer and special exceptions the latter need not be reviewed.**

Where plaintiffs' petition was attacked by general demurrer and special exceptions, which were sustained, on appeal from dismissal the only question is whether the petition was sufficient as against general demurrer, and the ruling on special exceptions need not be considered.

2. **Mines and minerals ⬅️59—Petition held insufficient to state cause of action for cancellation of lease for fraud.**

Petition in a suit to cancel an oil and gas lease made to defendant as trustee on the ground of misrepresentation by defendant's agent in procuring the lease that a lease was desired by a going oil company for immediate drilling on the land *held* insufficient to state a cause of action on the ground of fraud, it not being alleged that, if the oil company had taken the lease, it would drill immediately, or that defendant promised to convey to it; defendant's agent not having represented that defendant desired to drill immediately, and the lease expressly declaring that no covenants as to diligence were implied.

3. **Homestead ⬅️213—Averment that leased land constituted homestead necessary to attack acknowledgment.**

Where an oil and gas lease was attacked on the ground of insufficient acknowledgment, in that the notary who took the acknowledgment was interested therein, being agent of the lessee, a specific averment that the leased property alleged to belong to a husband and wife constituted the homestead of the lessors is necessary.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by J. A. Cooper and wife against G. J. Casselberry. From a judgment dismissing the action on their refusal to amend after the sustaining of demurrer to the petition, plaintiffs appeal. Affirmed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Fitzgerald & Hatchilt, of Wichita Falls, for appellants.

Homer B. Latham, of Bowie, for appellee.

DUNKLIN, J. This is an appeal from a judgment denying to J. A. Cooper and wife, plaintiffs, a cancellation of an oil and gas lease executed by them to the defendant, G. J. Casselberry.

The defendant addressed a general demurrer and special exceptions to the plaintiffs' petition, all of which were sustained, and, the plaintiffs declining to amend, their suit was dismissed. The appeal is from those rulings.

[1] It is unnecessary to consider any question except the question whether or not the plaintiffs' petition was sufficient as against a general demurrer, since they were not required to amend to meet the alleged defects pointed out by the special exceptions after the general demurrer was sustained. Porter et al. v. Burkett et al., 65 Tex. 383; Everett v. Henry, 67 Tex. 405, 3 S. W. 566; Blum v. Kusenberger, 158 S. W. 779.

[2] One of the grounds upon which plaintiffs sought to cancel the lease consisted of fraudulent misrepresentations which they alleged were made to them by the defendant's agent and representative, Enos Stallings, and which misrepresentations induced them to execute the deed. The lease was made to the defendant Casselberry as trustee, with no showing therein with respect to whom he represented in taking the lease. According to allegations in the petition, Stallings, who was defendant's agent and who secured the lease for him, in order to induce plaintiffs to execute the instrument, falsely and fraudulently represented that the Prairie Oil & Gas Company, which was a solvent and going concern and engaged in drilling for oil and gas in many portions of the state, was anxious to secure an oil and gas lease on the plaintiffs' land for the purpose of immediately drilling thereon, and thereby induced the plaintiffs to execute the instrument in controversy, under the belief that the same was being taken for the benefit of that company who would immediately develop the land. The petition contains no allegation of any direct and specific representation by Stallings that the lease was taken for the benefit of that company, but the substance of the allegation, giving the same a liberal construction, was to the effect that the representations so made by Stallings were intended to induce plaintiff to believe that such was true, and that they did have that effect.

According to further allegations in the petition, plaintiff discovered later that the oil company never desired a lease and never had any intention to explore the land for oil; and that fact was not discovered by plaintiffs until about one year after the execution of the lease, and after such discovery plaintiffs forthwith instituted this suit to cancel the lease. It was further alleged that the defendant procured the lease for speculative purposes only and for his own use and benefit, procuring the lease to be made to him as trustee for the purpose of misleading the plaintiffs and concealing from them the fact that he was acquiring the same for his sole benefit.

The lease executed was in plain and unambiguous terms. It stipulated that it should run for five years, but with the stipulation that, unless operations for drilling a well were not commenced within the period of the first year following the date of its execution, it should terminate, unless defendant on or before the termination of that period should pay to plaintiffs the sum of $26.50, which would operate as rental for the next twelve months thereafter, and should pay a like sum as a further rental for each succeeding year prior to the beginning of such year until the expiration of the five-year period. The lease further stipulated for the usual royalties to the grantors in the event oil or gas should be found in paying quantities; and the paragraph of the lease with respect to its duration by paying such rentals concluded as follows:

"And it is expressly agreed that no implied covenants regarding the measure of diligence to be exercised by the lessee in the drilling of said land during the term thereof shall be read into lease; it being the express agreement of the parties that the provisions of this paragraph set forth the exclusive conditions under which the lessee shall hold this lease for the full term hereof."

The eighth paragraph of the lease reads as follows:

"The lessee shall have the right to assign this lease or any portion of the acreage covered thereby, in which last event the lessee shall be liable only for royalties accruing from the operations on the acreage retained, and be liable for such proportion of the rentals due under said lease as the acreage retained by lessee bears to the entire acreage covered by said lease, and the assigns of the lessee shall have corresponding rights and privilege with respect to said royalties and rentals as to the acreage so assigned."

The sum of $26.50 was recited as a cash payment made by the lessee to plaintiffs. The petition contains no allegation that the Prairie Oil & Gas Company would have drilled a well immediately if it had taken over the lease from the defendant.

If the Prairie Oil & Gas Company itself had negotiated for the lease in its own name and had made the representation that it desired the lease for the purpose of immediate development, it would have been a representation promissory in character, and, in order to cancel the instrument for fraud based upon the same, it would have been necessary to allege in effect that the representation was made for the purpose of deceiving and de-

frauding the plaintiffs and with no intention to immediately drill the land. C., T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. But it would be an unwarranted extension of that doctrine to apply it in this case. The defendant's agent, Stallings, made no representation whatever that his principal would himself immediately drill the land. His representation was that the oil company desired a lease for the purpose of immediate development. The petition contains no specific allegation that the defendant promised to convey the lease to the Prairie Oil & Gas Company; but, treating the allegations as sufficient, as against a general demurrer, to charge a fraudulent representation that defendant would convey the lease to the oil company with no intention to perform the promise, yet such misrepresentation, and the further fraudulent misrepresentation that the oil company desired the lease, were both immaterial, except in connection with the further misrepresentation to the effect that the oil company would take over the lease for the purpose of immediately beginning drilling operations, notwithstanding it would not be required to do so under the terms of the lease. The statement by Stallings, who was not a representative of the oil company, that if that company acquired the lease its purpose would be to immediately develop the land, was not equivalent to a statement that it would in good faith contract so to do, and, at best, was a mere statement of opinion entertained by Stallings that it would do so, which would not be a sufficient basis for cancellation on the ground of fraud. 1 Black on Rescission and Cancellation, § 91; 2 Pom. Eq. Jurisprudence, § 891.

[3] Another ground upon which the validity of the lease was challenged was that it was not acknowledged before a notary public by the husband and wife in compliance with the provisions of the statutes, and was therefore void; the specific ground for that contention being that Stallings, the notary who took the acknowledgment, was interested in the lease with the defendant, and was therefore not authorized by the statutes to take the acknowledgment. The land was alleged to belong to both the husband and wife, and evidently this attack was predicated upon the idea that the lease was given upon the homestead of the plaintiffs, and that it did not take effect unless it was duly acknowledged by both husband and wife before a competent notary and in the manner prescribed by the statutes. But the petition contained no allegation whatever that the property was the plaintiffs' homestead.

It is unnecessary to determine the merits of the special exceptions addressed to the plaintiffs' petition, since the general demurrer was sustained, and, we think, properly so.

The judgment is affirmed.