**PANHANDLE REFINING CO. v. SWOPE
et al. (No. 1325.)**

(Court of Civil Appeals of Texas. El Paso.
April 20, 1922. Rehearing Denied
June 15, 1922.)

1. Mines and minerals ⊚⟶59—Equity will not cancel lease for failure to fulfill contemporaneous oral promise to drill well in absence of intention not to.

Equity will not cancel an oil and gas lease for failure of a party to fulfill a contemporaneous oral promise to drill a well in the future, in the absence of a showing of an intention not to perform.

2. Mines and minerals ⊚⟶59—Petition to cancel lease setting up written lease and conflicting contemporaneous parol agreement is demurrable.

A petition to cancel a lease, setting up terms of the written lease, and also a contemporaneous parol agreement in conflict therewith, is demurrable, where plaintiff admits it was knowingly omitted from the writing.

3. Mines and minerals ⊚⟶59—Lessor by accepting rentals held to have waived right to cancel written lease for failure to drill as per oral agreement.

Where plaintiff seeking cancellation of oil and gas lease testified that he received and used two annual payments of rentals after he knew that no well had been drilled or begun under an alleged oral agreement, he recognized the binding effect of the written lease, and waived any right to cancel it for failure to comply with such agreement.

4. Vendor and purchaser ⊚⟶223—Rights of assignee of oil lease held insufficient to support plea of innocent purchase.

Assignee of oil lease has no such interest in the land by the lease as will support the plea of innocent purchase.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by E. L. Swope for himself and as guardian of the heirs of himself and wife, Ola Swope, deceased, against the Panhandle Refining Company and another. Judgment for plaintiffs, and defendant named appeals. Reversed and rendered.

Julius A. Germany, of Dallas, and Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

Burkett, Anderson & Orr, of Eastland, and Ona W. Morton and J. L. Alford, both of Rising Star, for appellees.

HARPER, C. J. December 15, 1917, E. L. Swope and wife, Ola, executed to W. E. Norton the following lease (as applicable to the questions raised upon appeal):

" * * * For and in consideration of $83.15 cash * * * and of the covenants and agreements hereinafter contained on the part of lessee, to be paid, kept and performed have granted, conveyed, demised, leased and let and by these presents do grant, convey, demise, lease and let unto said lessee for the sole and only purpose of mining and operating for oil and gas * * * all that certain tract of land * * * [describing the land].

"It is agreed that this lease shall remain in force for a term of five years from this date, and as long thereafter as oil or gas or either of them is produced from said land by the lessee.

"In consideration of the premises said lessee covenants and agrees: (1) ⅛ of the oil produced. [2 and 3 apply to payments for gas produced, etc.]

"If no well be commenced on said land on or before the 18th day of Dec. 191—, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessors credit in the First National Bank at Rising Star, * * * the sum of $83.15, which shall operate as rental and cover the privilege of deferring the commencement of a well for —— months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like period of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment covers not only the privileges granted to the date when said first rental is payable as aforesaid but also the lessees option of extending that period as aforesaid and any and all other rights conferred.

"Should the first well drilled on the above described land be a dry hole, then, and in that event, if a second well is not commenced on said land within twelve months from the expiration of the last rental period for which rental has been paid, this lease shall terminate as to both parties, unless the lessee on or before the expiration of said twelve months shall resume the payment of rentals in the same amount and in the same manner as hereinbefore provided. And it is agreed that upon the resumption of the payment of rentals, as above provided, that the last preceding paragraph hereof, governing the payment of rentals and the effect thereof shall continue in force just as though there had been no interruption in the rental payments.

"If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed, the covenants hereof shall extend to the assigns and the successive assigns."

Then it stipulates that if assigned and such assignee shall make default in payment of the proportionate part of the rents due such default shall not operate to defeat or effect this lease in so far as it covers any part of the land upon which due payments of the rentals shall be made. W. E. Norton assigned to the Panhandle Refining Company. E. L. Swope for himself and as guardian of the heirs of himself and wife, Ola Swope, deceased, brought this suit against Norton and

the Panhandle Refining Company to cancel the above lease, alleging that defendant Norton through his agent secured the lease, together with other lands not involved herein, and agreed to drill a well on said tract of land and upon one of the tracts of land embraced within a certain pool of this plaintiff and surrounding neighbors within the near future, and in any event within one year from said date, December 15, 1917, and upon said express agreement upon the part of the agents of the defendants these plaintiffs executed and delivered the lease; that the representations were fraudulently made, for the purpose of securing the execution of the lease; that they would not have executed it had they not believed the representations; that in drawing said lease the time for deferring the commencement of a well was left blank in the lease, by inadvertence, accident, or mutual mistake, because there was to be no deferred time for drilling after the expiration of one year from the date of the lease, unless drilling had been begun on some one of the tracts in the pool within one year, in which event rental payments were to be discontinued on the tract upon which drilling had begun and continued on tracts upon which no drilling had begun. Further, alleged that the two payments of rentals received by him were so received believing that drilling would soon begin within the proposed pool, and tendered back the money. Horton disclaimed. The Panhandle Refining Company answered by general demurrer, special exceptions, general denial, and specially, that, with full knowledge of all the facts, and that no well had been begun more than one year after the execution and delivery of the lease, plaintiff accepted rents; for that reason is estopped to assert the invalidity on account of fraud; pleaded waiver and ratification, and by way of cross-action alleged that the failure to fill the blank for date in the lease was the result of mutual mistake, etc.; and prayed for reform. The cause was submitted to a jury by special issues, and upon the answers thereto judgment was entered for plaintiffs, canceling the lease and removing cloud and against the company upon its cross-action. From which an appeal is perfected.

[1] First, it is urged that appellant's general demurrer to appellees' petition should have been sustained: First, because the action to cancel the lease is predicated upon the promise of their grantee, Norton, contemporaneous with the writing to drill a well within a year, a promise to perform in the future, with no allegation that it was made with no intention at the time to perform it, with the fraudulent design to induce the appellee by such promise to execute the writing.

The rule is that equity will not cancel contracts for failure of a party to fulfill a promise therein to perform some act in the future. Railway Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Moore v. Cross, 87 Tex. 357, 29 S. W. 1051.

"An exception is recognized where the person making the promise intended at the time not to perform it, thus fraudulently making use of the promise as a device to procure the contract or deed." Jackson v. Pure Oil Operating Co. (Tex. Civ. App.) 217 S. W. 959; Cooper v. Casselberry (Tex. Civ. App.) 230 S. W. 231.

And the assignment and proposition that it was error to admit evidence to this effect over objections of defendant is well taken. Jackson v. Pure Oil Co., supra.

[2] The next proposition that the petition is subject to demurrer because it sets up the terms of the written lease and also a contemporaneous parol agreement in conflict with the terms of such lease is well taken, where, as in this case, as admitted by plaintiff, it was knowingly omitted from the writing. Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610.

[3] Again, plaintiff alleged and testified that he received and used two annual payments of rentals after he knew that no well had been drilled or begun under the parol promise, for that reason by his acts he has recognized the binding effect of the written lease, and has waived his right, if he had any, to cancel it. Black on Rescission, § 595; Burke-Mobray v. Ellis, 44 Tex. Civ. App. 21, 97 S. W. 321; Minter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 173.

[4] Appellant's proposition that it is an innocent purchaser for value, etc., is without merit, because it has no such interest in the lands by the lease, as will support the plea. National Oil & P. L. Co. v. Teel (Tex. Civ. App.) 67 S. W. 546.

The assignment asking for reformation of the writing by an order to the effect that "twelve months" was left out of the writing by mistake is useless, for we note that the life of the lease is five years, ends next December, unless oil is being produced.

For the reasons assigned, the case will be here rendered that appellees take nothing by their suit.

Reversed and rendered.