**Richard S. HARVEY, Appellant,**

v.

**Dan L. CASEBEER, Appellee.**

**No. 878.**

Court of Civil Appeals of Texas, Tyler.

Dec. 4, 1975.

Rehearing Denied Dec. 31, 1975.

Jesse M. DeWare, IV, Lawrence & Lawrence, Tyler, for appellant.

Charles H. Clark, Tyler, for appellee.

DUNAGAN, Chief Justice.

Appellant instituted this suit on four promissory notes payable to his daughter's trust and executed by appellee. This appeal is taken from an instructed verdict in favor of appellee. We reverse and remand.

In reviewing an instructed verdict, we view all of the evidence in the light most favorable to appellant and give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Frazier v. Hanlon Gasoline Co.*, 29 S.W.2d 461, 471 (Tex.Civ.App.—Eastland 1930, writ ref'd).

Appellee executed these notes to the Frances Lynn Harvey Trust to secure loans totalling $7,596.61 made in late 1970 and early 1971. Appellant, as sole trustee, later transferred these notes to himself individually for full consideration. The amount alleged to be in default is disputed. However, appellee's motion for instructed verdict was granted solely on the ground that the transfer of the notes violated the Texas Trust Act and therefore precluded appellant's suit as an individual.

A trustee shall not buy or sell, directly or indirectly, any property belonging to the trust estate, from or to itself. Tex. Rev.Civ.Stat.Ann. art. 7425b-12. Self-dealing transactions may be attacked by the beneficiary even though he has suffered no damages and even though the trustee has acted in good faith. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 389 (1945).

Appellant's breach of his fiduciary duty is complained of by a person other than the beneficiary. No one except a cestui que trust can enforce the trust. Restatement (Second) of Trusts, Section 200. Appellee, an obligor of this trust, is at most a person incidentally benefitted by the performance of the trust and cannot enforce it. Restatement (Second) of Trusts, Section 200, comment d. The rule that "a trustee cannot purchase at his own :-'.:" really means that such a sale is subject to attack by the cestui. If the cestui desires to let the sale stand, the title of the purchasing trustee is unexceptionable. Bogert, Trusts and Trustees, Section 543 at 483–484 (2d ed.).

This action was brought under the Commercial Paper chapter of the Texas Business and Commerce Code. However, the Texas Trust Act could be raised as a defense if raised by a proper party. Appellant's possession of the promissory notes which were indorsed to him entitles him to the status of Holder. Tex.Bus. & Comm. Code Ann., Section 1.201(20). He is not a Holder in Due Course if he purchased the notes with knowledge that a fiduciary negotiated the instruments in breach of duty. Tex.Bus. & Comm. Code Ann., Sections 3.302(a)(3) and 3.304(b). Although a mere Holder takes an instrument subject to certain defenses, the party liable on the instrument cannot raise the claim of a third person as a defense to his liability. Tex.Bus. & Comm. Code Ann., Section 3.306(4).[1] Thus, appellee cannot defend on the basis of appellant's alleged violation of his fiduciary duty to the beneficiary.

Appellee relies on *Steves v. United Services Automobile Association*, 459 S.W.2d 930 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). There, a trustee, who purchased real estate from the trust estate, sought specific performance of a profitable contract of sale of that property. Although

the court discussed Article 7425b–12, specific performance was denied under the equitable doctrine of unclean hands and the potential liability of the defendant purchaser to the beneficiaries if specific performance were granted. *Steves v. United Services Automobile Association*, supra, at 934. We find the instant suit distinguishable on both grounds.

A suit brought on promissory notes, rather than for specific performance, need not invoke the equity jurisdiction of the court and the doctrine of unclean hands is not applicable. *See Birk v. Jackson*, 75 S.W.2d 918, 920 (Tex.Civ.App.—Eastland 1934, writ dism'd). Also, appellee's payment of the debt, even though made with knowledge of the Holder's wrongful acquisition of the notes, would discharge appellee's liability thereon. Tex.Bus. & Comm. Code Ann., Section 3.603(a).

We hold that appellee could not rely on Subdivision 12 of the Texas Trust Act and the instruction of a verdict in his favor on that ground was improper. The judgment of the trial court is reversed and the cause remanded for a new trial.

---

1. "(4) * * * The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party."