COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GEORGE SNYDER, ELMA A.
SNYDER            )

GREENLEE, and MARTHA G.
SNYDER,           )

                                                                              )

Appellants,                         )             
No.  08-01-00444-CV

                                                                              )

v.                                                                           )                 Appeal from the

                                                                              )

C.C. PETE COWELL, As Trustee
of The              )              
394th District Court

MARY JONES (REAGAN) TRUST,
VESTER    )

EUGENE JONES, EDDIE RAY
JONES, and       )         of Culberson County,
Texas

UNKNOWN CHILDREN OF EUGENE             )

LALY
JONES,                                                      )                     (TC# 4040)

                                                                              )

Appellees.                          )

                                                                              )

 

 

MEMORANDUM   OPINION

 








George Snyder,
Elma A. Snyder Greenlee, and Martha G. Snyder (ASnyder
Claimants@) appeal
a final declaratory judgment, incorporating an interlocutory cross-motion
summary judgment in favor of Appellees Vester Eugene Jones, Eddie Ray Jones and
the descendants of Eugene Laly Jones (AJones
Claimants@), in a
trustee interpleader suit.  Appellants
raise two issues on appeal:  whether the
trial court erred in granting Appellees Jones Claimants=
motion for summary judgment and denying the Snyder Claimants= motion for summary judgment and
rendering a final judgment in favor of the Jones Claimants because (1) the
trustee=s
conveyance of trust property back to the settlors, his parents, without
consideration was a void transaction, and (2) the Jones Claimants failed to
establish a statute of limitations defense based on adverse possession or based
on the four-year limitations statutes for claims of fraud, breach of fiduciary
duty, or to correct technical defects in an instrument.  We affirm.

FACTUAL
SUMMARY

In 1946, E.L. and
Elma Jones conveyed to their son W.F. Jones as Trustee for their daughter, Mary
Jones Hearn (Reagan), an undivided one-fifth interest in certain real property
in Culberson County, Texas by two separate Deeds in Trust.  According to the terms of the Deeds, this
property was to be held in trust for the balance of Mary Jones Hearn=s life and upon her death would pass to
the three children of her first marriage, Appellants George Snyder, Elma A.
Snyder Greenlee, and Martha G. Snyder, if then living, or to be divided among
the children=s
survivors.  By the same 1946 Deeds, Mr.
and Mrs. Jones conveyed to each of their four sons, John Calvin Jones, Charles
E. Jones, Eugene L. Jones, and W.F. Jones, in fee simple undivided one-fifth
interests in the same property.  In 1948,
two years later, the Jones=
four sons, the wife of Charlie Jones, and son W.F. Jones acting as Trustee for
Mary Jones Hearn (Reagan) conveyed to Mr. and Mrs. Jones by two Warranty Deeds
all interests in the property granted in the earlier 1946 Deeds in Trust.








In 1950 and 1951
through a series of Deeds, Mr. and Mrs. Jones again conveyed undivided
one-fifth interests (two-fifteenths interest and then one-fifteenth interest)
in their property to their four sons in fee simple and to son W.F. Jones in
trust for their daughter, Mary Jones Hearn (Reagan) for the balance of her
life.  As in the 1946 Deeds, Mary Jones
Hearn (Reagan) held a life estate in an undivided one-fifth interest in her
parents=
property.  However, unlike the 1946
Deeds, the 1950 and 1951 Trust Deeds no longer named daughter Mary Jones Hearn
(Reagan)=s three
children as beneficiaries of the remainder interest to the trust.  According to the terms of the 1950 and 1951
Trust Deeds, upon Mary Jones Hearn (Reagan)=s
death, the trust property was to be conveyed in fee and in equal shares to Mr.
and Mrs. Jones= four
sons then living, or to their sons=
surviving children.  Mary Jones Hearn
(Reagan) died on March 2, 1997.  She was
survived by each of her children, the Appellants Snyder Claimants.  In addition, Mary Jones Reagan was
predeceased by each of the Jones=
four sons (her brothers), whose surviving children include Appellees Vester
Eugene Jones and Eddie Ray Jones, the Jones Claimants.

In 1998, Trustee
C.C. Pete Cowell, the successor to Trustee W.F. Jones, filed an interpleader
suit to resolve the issue of which claimants were the remaindermen to the Mary
Jones Reagan Trust.  On cross-motions for
summary judgment, the trial court held in favor of the Jones Claimants, and
later incorporated this interlocutory judgment into the final declaratory
judgment with the Snyder Claimants taking nothing under the Trust.

STANDARD
OF REVIEW








When both sides
move for summary judgment and the trial court grants one motion and denies the
other, the reviewing court should review the summary judgment evidence of each
party and determine all questions presented. 
FM Properties Operating Co. v. City of Austin, 22 S.W.3d 868,
872-73 (Tex. 2000), citing Commissioners Court of Titus County v.
Agan, 940 S.W.2d 77, 81 (Tex. 1997); Jones v. Strauss, 745 S.W.2d
898, 900 (Tex. 1988).  The reviewing
court should render the judgment that the trial court should have
rendered.  See Agan, 940
S.W.2d at 81; Members Mut. Ins. Co. v. Hermann Hosp., 664 S.W.2d 325,
328 (Tex. 1984).  The movant for summary
judgment must show that there is no genuine issue of material fact and that, as
a matter of law, it is entitled to judgment. 
See Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 224
(Tex. 1999).  In resolving the issue of
whether the movant has carried this burden, all evidence favorable to the
non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the non-movant=s
favor.  See Nixon v. Mr. Property
Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985), citing Montgomery
v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).  When a trial court=s
order granting summary judgment does not specify the grounds relied upon, the
reviewing court must affirm summary judgment if any of the summary judgment
grounds are meritorious.  See Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  When a defendant moves for summary judgment
on the affirmative defense of limitations, it must prove conclusively all
elements of the defense as a matter of law, leaving no genuine issue of matter
fact.  KPMG Peat Marwick v. Harrison
County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Once the defendant establishes the right to
summary judgment, the plaintiff must then put forward summary judgment evidence
in avoidance of the limitations defense. 
Hernandez v. Furr=s
Supermarkets, Inc., 924 S.W.2d 193, 195 (Tex.App.--El Paso 1996, writ
denied).  If the plaintiff responds with
evidence creating a fact question on tolling of the statute of limitations, the
defendant must negate the plaintiff=s
right to tolling of the statute as a matter of law.  Hernandez, 924 S.W.2d at 195.

TRUSTEE
SELF-DEALING 








In Issue One,
Appellants Snyder Claimants argue that as trustee for the 1946 Trust, W.F.
Jones had a fiduciary duty not to self-deal with respect to the trust
property.  Pointing to former Tex.Rev.Civ.Stat. art. 7425b-12, now
contained in Tex.Prop.Code Ann. ' 113.053 (Vernon 1995), the Snyder
Claimants assert that W.F. Jones violated that fiduciary duty in 1948 when he
conveyed the undivided one-fifth interest held in trust for Mary Jones Hearn
(Reagan) to his parents, the settlors of the 1946 Trust.  Since the 1948 transaction violated the
statute, the Snyder Claimants argue it is a void transfer such that title to
the trust property remained as granted in the 1946 Trust and under the terms of
that trust, specifically the provisions designating the Snyder Claimants as
holders of the remainder interest in the trust property.  Alternatively, the Snyder Claimants also
argue that the 1946 Trust was irrevocable by express terms in the 

trust-creating document.

Tex.Prop.Code Ann. ' 113.053(a)(the Texas Trust Code)
provides:

[A] trustee shall
not directly or indirectly buy or sell trust property from or to: 

(1)        the trustee
or an affiliate;

(2)        a director,
officer, or employee of the trustee or an affiliate;

(3)        a relative of
the trustee; or

(4)        the trustee=s employer, partner, or other business
associate.

Section 113.053(a) prohibits
trustee self-dealing and dealing by entities closely related to the trustee.  InterFirst Bank Dallas, N.A. v. Risser,
739 S.W.2d 882, 898 (Tex.App.--Texarkana 1987, no writ).  The Snyder Claimants ask this Court to find
that the 1948 transactions between W.F. Jones as trustee and Mr. and Mrs.
Jones, his parents, fall within the statutory prohibitions of trustee
self-dealing.  We will assume, without
deciding, that W.F. Jones committed a breach of fiduciary duty, and turn our
attention to whether the 1948 transactions are therefore void transfers.








The Snyder Claimants
rely on Steves v. United Services Automobile Ass=n, 459 S.W.2d 930
(Tex.Civ.App.--Beaumont 1970, writ ref=d
n.r.e.) to support their contention that all transfers of trust property that
violate Tex.Prop.Code Ann. ' 113.053(a)(3) are void, and thus
subsequent transfers of that property are ineffective.  In Steves, a trustee of a
profit-sharing trust purchased real property from the trust and later sought
specific performance of a contract for sale against a third-party
purchaser.  The Steves Court
denied specific performance based on the equitable doctrine of unclean hands
and on the purchaser=s
potential liability for defective title based on notice of trustee
wrongdoing.  Steves, 459 S.W.2d at
937.  Following DeEverett v. Henry,
67 Tex. 402, 3 S.W. 566 (1887), the Steves Court noted in pertinent part
that DeEverett established the following general principles:

If there are any circumstances
connected with the sale which validate it, these are matters of proof on the
part of the trustee or purchaser.  If not
proved, and nothing appears but the fact of sale to himself by the trustee, and
of purchase by a third party from him with notice, the sale must be held void,
and if the purchaser asserts title against the Cestui que trust, the latter may
recover the property from him.

 

Steves, 459 S.W.2d at 935, citing
DeEverett, 3 S.W. at 567.  The Steves
case does not support the Snyder Claimants=
argument that trustee self-dealing renders a transaction void per se.  Rather, such transactions are subject to
challenge and are voidable in that Athe
cestui que trust has an election to either follow the res or to hold the
trustee personally liable for the breach of trust . . ..@  Steves, 459 S.W.2d at 937.








As a general rule,
a trustee has a duty of loyalty which prohibits using to his advantage his
position to gain any benefit for himself at the expense of his cestui que trust
and from placing himself in any position where his self interest will or may
conflict with his obligations as trustee. 
Slay v. Burnett Trust, 187 S.W.2d 377, 387-88 (Tex. 1945).  Self-dealing transactions may be attacked by
the beneficiary even though he has suffered no damages and even though the
trustee has acted in good faith.  Id.
at 389.  In this case, if W.F. Jones
acting as trustee violated his fiduciary duty not to self-deal, the beneficiary
may have had a cause of action to repudiate the 1948 transaction or to hold the
trustee personally liable.  See Harvey
v. Casebeer, 531 S.W.2d 206, 208 (Tex.Civ.App.--Tyler 1975, no writ)(AThe rule that >a
trustee cannot purchase at his own sale=
really means that such a sale is subject to attack by the cestui.@).

In support of
their argument, the Snyder Claimants also point to cases in which Texas courts
have held that County attempts to convey government property were void for
failure to comply with statutory requirements prescribed in Tex.Loc.Gov=t
Code Ann. ' 263.007
(Vernon Supp. 2002), formerly contained in
Tex.Rev.Civ.Stat.Ann. art. 1577.  See
Jack v. State, 694 S.W.2d 391, 397 (Tex.App.--San Antonio 1985, writ ref=d n.r.e.)(authority of the county=s commissioner=s
court is limited to that conferred by the constitution and laws of this state);
Wilson v. County of Calhoun, 489 S.W.2d 393, 397 (Tex.Civ.App.--Corpus
Christi 1972, writ ref=d
n.r.e.)(county=s
conveyance of land in any mode other than that prescribed by statute is
void).  These cases, however, do not
address nor suggest that all transfers of property in violation of the Trust
Code in Texas are per se void.  The
Snyder Claimants have presented no case law nor has this Court found case law
to support this argument on appeal.  We
overrule this portion of Issue One.

REVOCABLE
OR IRREVOCABLE TRUST








Alternatively,
Appellants complain that the trial court erred in finding that the 1946 Trust
was a revocable trust and that the 1948 transactions revoked, rescinded, and
effectively terminated the 1946 Trust.  A
settlor may revoke the trust unless it is irrevocable by the express terms of
the instrument creating it or of an instrument modifying it.  Tex.Prop.Code
Ann. ' 112.051(a).  AIt
would be a strained and unwarranted construction to hold that the statutory
form of general warranty in a trust deed has the effect of expressly making it
irrevocable.  To make a trust irrevocable
the act requires express terms of irrevocability.@  Butler v. Shelton, 408 S.W.2d 530, 534
(Tex.Civ.App.--Austin 1966, writ ref=d
n.r.e.).  The trust-creating document,
however, need not contain specific terms of art to create an irrevocable
trust.  Rather, the trust document must
reflect the trustor=s intent
to make the trust irrevocable.  Austin
Lakes Estates Recreation Club, Inc. v. Gilliam, 493 S.W.2d 343, 347
(Tex.Civ.App.--Austin 1973, writ ref=d
n.r.e.).  

The Snyder
Claimants contend that the 1946 Trust was irrevocable because in each 1946
Deeds in Trust E.L. and Elma Jones conveyed the property to the four sons and AW.F. Jones, Trustee, their heirs and
assigns forever@ and
would AWarrant
and forever Defend@ their
title.  The habendum and warranty clause
of each 1946 Deed in Trust provides in relevant part: 

TO HAVE AND TO HOLD
the above described premises, together with all and singular, the rights and
appurtenances thereto in anywise belonging, unto the said CALVIN JONES, CHARLIE
JONES, EUGENE L. JONES, W.F. JONES, AND W.F. JONES, TRUSTEE, their heirs and
assigns forever; and we do hereby bind our heirs, executors and administrators,
to Warrant and forever Defend all and singular, the said premises unto the said
CALVIN JONES, CHARLIE JONES, EUGENE L. JONES, W.F. JONES, AND W.F. JONES,
TRUSTEE, their heirs and assigns, against every person whomsoever lawfully
claiming or to claim the same, or any part thereof.

 








The Snyder Claimants rely on Austin
Lakes Estates Recreation Club, Inc. v. Gilliam, in which the Court found
that certain language in a deed created an irrevocable trust.  In Austin Lakes, the Austin Lakes
Recreation Club conveyed property held in trust for the benefit of nearby
residents.  Plaintiff residents later
challenged the trustees=
conveyance on grounds that the trust was irrevocable.  The granting clause of the Austin Lakes
deed conveyed the property to the trustees, A>their heirs and assigns forever, so
that neither said corporation nor its successors and assigns
shall have any right or title or interest in such property, premises or
appurtenances or any part thereof at any time hereafter.=@  [Emphasis added].  Austin Lakes, 493 S.W.2d at 347.  The Austin Lakes Court held that the
deed language reflected the trustor=s
intent to make the trust irrevocable.  Id.  The Austin Lakes case, however, is
distinguishable.  Here, the 1946 Deeds in
Trust incorporated ordinary statutory forms of conveyance and warranty
provisions.  Nothing on the face of the
1946 documents suggests that the settlors intended to create an irrevocable
trust.

Whether
characterized as Trustee W.F. Jones=
independent act or as the settlors=
method of revocation, the 1948 recorded Warranty Deeds had the effect of
revesting title in the trust property to E.L. and Elma Jones.  If the trust was created by a written
instrument, a revocation, modification, or amendment of the trust must be in
writing.  Tex.Prop.Code Ann. '
112.051(c).  AWhere
no procedure for termination is stated in the trust instrument, any reasonable
method may be used.  The instrument
claimed to be in exercise of the power of revocation must show an intent to use
the power, although it need not necessarily refer expressly to the power.@ 
Starcrest Trust v. Berry, 926 S.W.2d 343, 353 (Tex.App.--Austin
1996, no writ).  Even assuming that W.F.
Jones= act was
a breach of an irrevocable trust, the 1948 transactions are not per se
void.  Rather, the trustee=s act gave rise to a cause of action,
if any, at the time of breach.  We
overrule Issue One in its entirety.  

STATUTE
OF LIMITATIONS








In Issue Two, the
Snyder Claimants assert that their cause of action is not precluded by any of
the statutes of limitations that Appellees Jones Claimants raised as
affirmative defenses in the trial below, including the four-year statute of
limitations for a trustee=s
breach of fiduciary duty, Tex.Civ.Prac.&Rem.Code
Ann. ' 16.004(a)(5)(Vernon
2002). Specifically, the Snyder Claimants argue that they had no right to bring
any suit to enforce their interest as remaindermen until the death of Mary
Jones Hearn (Reagan), the beneficiary to the life estate, and until that time
the Snyder Claimants=
interest in the trust property was contingent upon outliving Mary Jones Hearn
(Reagan).  We disagree.

The general rule
is that a remainder vests when there is a person in being who has an immediate
right to possession of property upon termination of an intermediate estate with
only the right of possession postponed.  Caples
v. Ward, 179 S.W. 856, 857-58 (Tex. 1915). 
The law favors the vesting of estates at the earliest possible period,
and will not construe a remainder as contingent where it can reasonably be
taken as vested.  Eversole v. Williams,
943 S.W.2d 141, 143 (Tex.App.--Houston [1st Dist.] 1997, no writ), citing
Trimble v. Farmer, 305 S.W.2d 157, 160 (Tex. 1957).  Section 115.011 of the Texas Trust Code
provides:

(a)        Any interested person may bring an
action under Section 115.001 of this Act 
[Jurisdiction];

 

(b)        Contingent beneficiaries designated as a
class are not necessary parties to an action under Section 115.001 of this
Act.  The only necessary parties to such
an action are:

 

(1)        a beneficiary on whose act or obligation
the action is predicated;

 

(2)        a person designated by name in the
instrument creating the trust; and

 

(3)        a person who is actually receiving
distributions from the trust estate at the time the action is filed.

 

Tex.Prop.Code
Ann. '
115.011(a)-(b)(Vernon 1995).








The Trust Code
defines Ainterested
person@ as:  Aa
trustee, beneficiary, or any other person having an interest in or a claim
against the trust or any person who is affected by the administration of the
trust.@  Tex.Prop.Code
Ann. '
111.004(7).  Further, the Trust Code
defines Ainterest@ to mean Aany
interest, whether legal or equitable or both, present or future, vested or
contingent, defeasible or indefeasible.@  Tex.Prop.Code
Ann. '
111.004(6).  Vested remaindermen are Ainterested persons@ under the Trust Code and can bring a
cause of action for breach of fiduciary duty. 
See Moody v. Pitts, 708 S.W.2d 930, 934 (Tex.App.--Corpus Christi
1986, no writ)(vested remainderman can maintain an action against trustee for
the acts of the trustee); Yturri v. Yturri, 504 S.W.2d 809, 812
(Tex.Civ.App.--San Antonio 1973, no writ) (remainderman under a testamentary
trust was an interested party within the meaning of the Trust Code provision
relating to persons with standing to bring suit for removal of trustees).  

Pointing to Estate
of McWhorter v. Wooten, 622 S.W.2d 844 (Tex. 1981) and Ferguson v.
Johnston, 320 S.W.2d 906 (Tex.Civ.App.--Texarkana 1959, writ ref=d n.r.e.), the Snyder Claimants assert
that remaindermen have no right of possession until the termination of the life
estate, therefore a right of action cannot accrue and the limitations period
cannot begin until that date.  The
footing for such reliance is slippery in that both Estate of McWhorter
and Ferguson were suits brought for trespass to try title, a cause of
action for recovery of property by an owner who has an immediate and present
right to possession.  








In the present
case, the 1946 Deeds in Trust specifically named each of the Snyder Claimants
as remaindermen of the property held in trust for the life of Mary Jones Hearn
(Reagan).  The terms of the 1946 Deeds
did not make Aoutliving@ Mary Jones Hearn (Reagan) a condition
precedent to vesting of the Snyder Claimants=
remainder interest, but rather their right of possession was postponed until
that date.  The Snyder Claimants had a
vested future interest in the trust property and under the provisions of the
Trust Code had an interest in that trust and the capacity to bring a cause of
action for any trustee breach of fiduciary duty.  Tex.Civ.Prac.&
Rem.Code Ann. '
16.004(a)(5) provides a four-year limitations period for suits brought for a
trustee=s breach
of fiduciary duty.  At the time in
question, suits to enforce a trust or suits arising out of a breach of trust
were ordinarily governed by the four-year residual statute of limitations, Tex.Rev.Civ.Stat. art. 5529, now
contained in Tex.Civ.Prac.&Rem.Code
Ann. ' 16.051 (Vernon
1997).  See Peek v. Berry,
184 S.W.2d 272, 275 (Tex. 1944). 
Assuming that W.F. Jones as trustee breached his fiduciary duties in
1948 by reconveying the trust property to his parents/settlors, the 1946 Trust
named the Snyder Claimants as vested remaindermen and as such their cause of
action accrued as of the date the 1948 Deeds were recorded.  Based on the evidence stipulated on summary
judgment, we conclude that the trial court=s
final declaratory judgment can be affirmed on statute of limitations
grounds.  We overrule Issue Two.

We affirm the
trial court=s
judgment.

 

 

April
10, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

Barajas, C.J., Chew, J., and Hill, C.J., (Ret.)

Hill, C.J. (Ret.)(Sitting by Assignment)