**Mike BUTLER et al., Appellants,**

**v.**

**Emmett SHELTON, Sr., et al., Appellees.**

**No. 11426.**

Court of Civil Appeals of Texas.

Austin.

Nov. 2, 1966.

Rehearing Denied Nov. 23, 1966.

J. Malcolm Robinson, Austin, for appellants.

Holloway & Holloway, Sterling Holloway, Austin, for appellees.

PHILLIPS, Justice.

In 1949 the appellees, plaintiffs below, conveyed 3.18 acres of land to five grantees, designated in the deed as trustees, to be used "as a park for educational and recreational purposes" for all persons who had purchased or would purchase property from the appellees within a particular 500 acre tract owned by them.

The instrument of conveyance was in the form of a general warranty deed.

In March, 1965 three of the original five grantee-trustees reconveyed the property to appellees. The remaining two trustees refused to join in this conveyance back to the appellees. Consequently, appellees executed and filed an instrument purporting to revoke and cancel the original conveyance executed in 1949 and filed suit against the two trustees who refused to join in the above-mentioned deed reconveying the property to appellees.

This suit was for a declaratory judgment seeking an adjudication of appellees' title, and right of possession.

The trial court held that there was no genuine issue as to any material fact, that title to the land was determined by the instruments involved,[1] that the original deed created a trust revocable under the provisions of the Texas Trust Act, Art. 7425b–41, Vernon's Ann.Civ.St., and that the revocation by the trustors, coupled with the reconveyance by the majority of the trustees, revested title in the appellees. Wherein, the trial court granted the appellees' motion for summary judgment and it is from this judgment that appellants have perfected their appeal to this Court.

We affirm the judgment of the trial court.

Appellants are before this Court with six points of error, the first being that the judgment for appellees is void because the Attorney General of Texas was not a party to this lawsuit.

We overrule this point.

Appellants' position here is that if the conveyance in question is a trust, as contended by appellees, it must be a charitable trust and that the Attorney General of Texas was a necessary and indispensable party under the requirement of Article 4412a, V.A.C.S.[2]

■ We do not agree with the appellants here. In the first place, we hold that the abovementioned conveyance constituted a trust and is subject to the provisions of the Texas Trust Act. See Subsections 2 and 7, Article 7425b; 57 Tex.Jur. 2d, page 403 and the cases cited. The conveyance created an express trust in the land involved, with the legal title vested in the trustees for the benefit of certain landowners of a particular tract of land.

■ We also hold that while the purposes of this trust are compatible with the

1. On January 5, 1949, Emmett Shelton and Elba May Shelton executed a deed covering the land here involved, in which the relevant part of the granting clause read: " * * * we do hereby Grant, Sell, and Convey unto the following named persons as Trustees, under the hereinafter set forth trust: namely, Mike Butler, J. W. Boggus, Gilbert Shelton, Burton Wilson, and T. J. Butler, Jr. * * *." This was followed by a description of the 3.18 acres of land conveyed, in the T. J. Chambers Survey, which was a part of a 500-acre tract in this survey previously purchased by appellees, and in part still owned by them.

The habendum clause in this deed reads as follows:

"TO HAVE AND TO HOLD the above described premises together with all and singular the rights and appurtenances . thereto in any wise belonging unto the said Trustees and their successors, for the use and benefit of the property owners in said above described 500 acre tract of land conveyed to the Grantors herein by the San Antonio Loan and Trust Company, to be used as a park for recreational and educational purposes only. It is expressly stipulated that this grant is not made to the public generally but is restricted to the use and benefit of said above mentioned group of property owners."

This was followed by a statutory form of General Warranty to the Grantees, as Trustees. After the Warranty is the following language:

"It is also expressly stipulated that the exclusive management and control of said land shall be vested in said trustees, and their actions shall not be subject to any restrictions on the part of the beneficiaries acting either individually or collectively."

There is no contention that appellees received from anyone payment of consideration of any kind at the time of this conveyance.

2. Section 2 of Article 4412a is as follows:

"For and on behalf of the interests of the general public of this state in such matters, the Attorney General shall be a necessary party to and shall be served with process, as hereinafter provided, in any suit or judicial proceeding, the object of which is:

a To terminate a charitable trust or to distribute its assets to other than charitable donees, * * *"

Section 4 is as follows:

"A judgment rendered in any suit or judicial proceeding referred to in this Article without service or process upon the Attorney General shall be void and unenforceable. * * *"

recognized objectives of a charitable trust, it fails as such because of the type beneficiary affected. Trusts for a charitable purpose must be for the benefit of an indefinite number of persons. If individual beneficiaries are designated, the trust would not be for a public charity but would be for a private charity. Powers v. First National Bank of Corsicana, Tex. Comm.App., 138 Tex. 604, 161 S.W.2d 273. Here the property owners of the area involved are the beneficiaries of the trust and are easily and readily identifiable at any given time from the deed records of Travis County, Texas. Also, see Scott v. All Saints Hospital, Tex.Civ.App., 203 S. W. 146; Paschal v. Acklin, 27 Tex. 173, 174.

Appellants' second point of error is that of the trial court in determining that the deed of conveyance of 1949 was a voluntary trust as contemplated by Section 41 of the Texas Trust Act.

We overrule this point.

■ Appellants contend here that appellees' motive in 1949 in conveying the 3.18 acres as a park was an inducement to lure prospective buyers into this area for the purpose of purchasing property from the plaintiffs; that this motive was supported by the affidavit of one of the purchasers in the area who stated therein that when he purchased the property, the appellees Shelton, his son, and the seller of the property, all represented to him that the property was a permanently dedicated park. From this, appellants contend that the 1949 conveyance was not a voluntary conveyance but was contractual in origin based upon a valid consideration.

The relevant provision of the Texas Trust Act, Art. 7425b–41, is as follows:

"Every trust shall be revocable by the trustor during his lifetime, unless expressly made irrevocable by the terms of the instrument creating the same or by a supplement or amendment thereto."

Since we have determined that the conveyance in question is a trust subject to the Texas Trust Act and since the trust was not expressly made irrevocable (discussed further under appellants' third point of error below) Art. 7425b–41 of said Act, is applicable.

It is not necessary to this opinion to discuss the question of revocability of trusts created for a valuable consideration as the record here does not furnish any basis for this theory. Neither by their affidavits nor in any other manner, do appellants contend that appellees received or were paid any consideration of any kind at the time of the execution and delivery of the trust deed; or that the appellants, or anyone else, purchased property in consideration of any commitment by the appellees to execute the deed, or that any purchaser bought any lands from appellees thereafter in reliance upon any promise or commitment by the appellees to alter or enlarge the rights created under it.

Appellants' third point of error is that of the trial court in determining that the conveyance was revocable when by its own terms it was made irrevocable.

We overrule this point.

Appellants' position here is that the conveyance in trust was in the form of a general warranty deed wherein in warranting the title into the trustees the customary words "to WARRANT and FOREVER DEFEND * * *" were used, however, the warranty above quoted follows the statutory language, except for the substitution of the words "and their successors as trustees," for the statutory words "his heirs and assigns forever." Thus the word "forever" is omitted from the latter phrase. Also, the habendum clause of this deed, which immediately precedes the warranty does not follow the statutory form: "To have and to hold the above described premises * * * unto the said * * *, his heirs and assigns forever." Rather, it reads: "To have and to hold the above described premises * * * unto the said

trustees and their successors for the use and benefit of property owners in the above described 500 acre tract. \* \* \*"

■ The deed throughout indicates the trust nature of the instrument. It binds the grantors at all times to defend the title of the property while in the hands of the trustees, and their successors *as trustees*. It would be a strained and unwarranted construction to hold that the statutory form of general warranty in a trust deed has the effect of expressly making it irrevocable. To make a trust irrevocable the act requires *express terms of irrevocability*. McCauley v. Simmer, Tex.Civ.App., 336 S.W.2d 872, error dism.

■ We also hold that the trial court properly held that the reconveyance of the trust property by the majority of the trustees revested title thereto in the trustors.

Article 7425b–18 provides:

"Unless it is otherwise provided by the trust instrument, or an amendment thereof, or by court order:

A. Any power vested in three or more trustees may be exercised by a majority of such trustees; but a trustee who has not joined in exercising a power shall not be liable to the beneficiaries or to others for the consequences of such exercise, nor shall a dissenting trustee be liable for the consequences of an act in which he joins at the direction of the majority trustees, if he expressed his dissent in writing to any of his co-trustees at or before the time of such joinder."

By deed of date March 25, 1965, the majority of the trustees reconveyed the property to the appellees. As recited in the instrument they recognized that the property had never been used for the purpose for which it had been conveyed, and that there was no prospect of its being so used. The trustees had paid no taxes on the land, and by the terms of their reconveyance appellees took the land subject to any taxes which appellees themselves had not paid.

Likewise we overrule appellants' points four, five and six which are the errors of the trial court in ignoring the disputed fact issue raised by the defendants as to laches; in ignoring the disputed fact issue raised by dedication; in ignoring the disputed fact issue raised as to estoppel.

■ As stated above, this trust was revocable during the lifetime of the trustor due to statutory right and such right is not dependent upon grounds or reasons. The right is unqualified and unconditional, given by statute, with or without reasons, and it continues during and throughout the trustor's life. It is a right secured to the trustor which he may, but is not required to, exercise at any particular time. The appellees did this in timely and proper manner, and, having done so, were revested with title from that date forward. Additionally, the conveyance by the majority of the trustees independently of the act or revocation had the effect of revesting title in the appellees. Only when the appellants sought to interfere with the assertion of that revested title did the appellees' cause of action accrue and they *promptly filed suit to have their rights* adjudicated by declaratory judgment. Consequently, this action is not barred by any statute of limitations, laches or stale demand.

■ Since appellants must rely upon the 1949 deed to the trustees for their theory of dedication, we hold that such was insufficient. This is so, not only because of the fact that the instrument created a trust to be governed by the act as described above, but also, inasmuch as the park was set aside to a specific group of property holders, it is restricted to a specific group and the law does not recognize a private dedication. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, Sup.Ct.

■ Due to the nature of the trust created and the law pertinent thereto and

since there is no contention that there were any acts on the part of appellees prior to the execution of the trust deed which could have raised the issues necessary to create an estoppel, we overrule this theory.

The judgment of the trial court is affirmed.

Affirmed.