TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00050-CV






Buford R. Sheffield, Trustee, Appellant



v.



John James Ellison, Trustee and John Casey Ellison, Appellees






FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL

DISTRICT

NO. 072-95, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING






PER CURIAM


 Buford R. Sheffield appeals the trial court's judgment by challenging the underlying partial
summary judgment that declared a warranty deed created an irrevocable trust. We will affirm the
judgment.

 The issue is whether the language of the deed created an irrevocable trust. (1) On October
5, 1992, William F. Bennett and Adelaide Bennett executed a warranty deed conveying twenty-five acres
in McCulloch County to John James Ellison, trustee, for the use and benefit of John Casey Ellison. The
trust was to terminate on December 24, 1999; thereafter fee simple title was to vest in John Casey Ellison. 
The deed provided:


 [I]n the event the beneficiary shall die prior to the termination of this trust, then and in that
event, as of the date of the beneficiary's death, this trust shall terminate and fee simple title
to the property shall vest in the heirs, by law, of John Casey Ellison.



The deed further provided:



 Grantor, for the consideration and subject to the reservations from and exceptions to
conveyance and warranty, grants, sells, and conveys to Grantee the property, together with
all and singular the rights and appurtenances thereto in any wise belonging, to have and
hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns
forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators and
successors to warrant and ever defend all and singular the property to Grantee and
Grantee's heirs, executors, administrators, successors, or assigns, against every person
whomsoever lawfully claiming or to claim the same or any part thereof, except as to the
reservations from and exceptions to warranty.



No party contends that any of the reservations from or exceptions to warranty apply here.

 The revocability of the trust created by this warranty deed is at issue because, in 1994, the
Bennetts purported to amend the trust, replacing both the trustee and the beneficiary. The amendment
named Sheffield the trustee and Linda Beseda and Jan Pryor as beneficiaries. By the amendment, the
Bennetts purported to remove John James Ellison as trustee and John Casey Ellison as beneficiary.

 The Ellisons sought a declaratory judgment that the 1992 warranty deed created an
irrevocable trust. Sheffield filed a counterclaim for a declaratory judgment that, under the 1994
amendment, he was the trustee and that the Ellisons had no right, title, or interest in the property. The
Ellisons and Sheffield then filed cross-motions for partial summary judgment, seeking a declaration
regarding ownership of the property.

 The trial court granted the Ellisons' motion for partial summary judgment. The court held
that the 1992 warranty deed created an irrevocable trust, that the 1994 amendment of trust could not and
did not modify or amend the trust created by the 1992 warranty deed, and that all title passed to the trust
for the benefit of John Casey Ellison under the 1992 warranty deed. After the parties resolved other
disputes regarding the Ellisons' attorney's fees and the nature of the property interest in a mobile or
manufactured home on the property, the trial court rendered final judgment.

 Sheffield appeals, contending that the trial court erred by finding that the trust was
irrevocable. His codefendants, the beneficiaries under the 1994 amendment, did not appeal.

 When reviewing the trial court's grant of summary judgment, we follow these
well-established principles: (1) The movant for summary judgment must show that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law; (2) evidence favorable to the
nonmovant will be taken as true; and (3) inferences must be indulged in favor of the nonmovant. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985). If the court can give a certain
or definite legal meaning or interpretation to the words of an instrument, it is unambiguous and the court may
construe it as a matter of law. Nowlin v. Frost Nat'l Bank, 908 S.W.2d 283, 286 (Tex. App.--Houston
[1st Dist.] 1995, no writ) (construing trust) (citing Coker v. Coker, 650 S.W.2d 391, 393 (Tex.1983)). 
Neither side contends that the deed is ambiguous. Its construction is a question of law for the court. 
Luckel v. White, 819 S.W.2d 459, 461 (Tex. 1991) (construing deed). Our primary duty in interpreting
a deed is to ascertain the intent of the parties, as expressed within the four corners of the instrument. Id. 
In ascertaining the parties' intent, we must attempt to harmonize all parts of a deed, as we assume the
parties intend each clause of a document to have some effect and in some measure evidence their
agreement. Id. at 462.

 The irrevocability of a trust must appear from the terms and language of the instrument
creating the trust. Tex. Prop. Code Ann. § 112.051(a) (West 1995); Wils v. Robinson, 934 S.W.2d 774,
777 (Tex. App.--Houston[14th Dist.] 1996), judgment vacated by settlement, 938 S.W.2d 717 (Tex.
1997). Otherwise the trust is revocable and may be amended. Prop. Code § 112.051(a), (b). The trust-creating document need not contain specific words of art to create an irrevocable trust, but merely must
reflect the trustor's intent to make the trust irrevocable. Austin Lake Estates Recreation Club, Inc. v.
Gilliam, 493 S.W.2d 343, 347 (Tex. Civ. App.--Austin 1973, writ ref'd n.r.e.). Our review of the case
law reveals few cases on the issue of whether an instrument that does not expressly state that the trust is
irrevocable has nevertheless created an irrevocable trust. Two cases help define the parameters of
revocability. Id.; Butler v. Shelton, 408 S.W.2d 530, 533-34 (Tex. Civ. App.--Austin 1966, writ ref'd
n.r.e.).

 In Butler, this Court held that a deed did not create an irrevocable trust. Id. at 534. The
grantors conveyed 3.18 acres by general warranty deed to five trustees to create a park for all persons who
bought land from the grantors. Id. at 531. Several years later three of the trustees returned their interest
to the grantors; after the two remaining trustees refused to reconvey their interest, the grantors canceled
the trust. Id. The granting clause of the deed provided that the grantors "do hereby Grant, Sell, and
Convey unto the following named persons as trustees" the 3.18 acres. Id. at 532 n.1. The habendum
clause of the deed provided that the trustees were "TO HAVE AND TO HOLD the above described
premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the
said Trustees and their successors, for the use and benefit of the property owners." Id. at 533. The
habendum clause lacked the customary language that the heirs and assigns of the grantee shall hold the
property "forever." The warranty section similarly lacked an indeterminate warranty period; the grantors
promised to warrant and forever defend the title of the trustees and their successors as trustees, rather than
to defend the heirs and assigns of the trustees forever. The Butler deed did not create an irrevocable trust. 
Id. at 534.

 In Austin Lake, this Court held a conveyance by quitclaim deed to trustees created an
irrevocable trust. 493 S.W.2d at 347. Austin Lake Estates Recreation Club, Inc. conveyed the property
to the trustees so that residents would have access to the lake. The deed conveyed the land to the trustees,
"their heirs and assigns forever, so that neither said corporation nor its successors and assigns shall have
any right or title or interest in such property, premises or appurtenances or any part thereof at any time
thereafter." Id. (emphasis added). This Court held that the quoted language reflected the trustor's intent
to make the trust irrevocable.

 The deed at issue here shows the grantors intended, when executing of the deed, to create
an irrevocable trust. The habendum clause, conjoined with the granting clause, conveys the property
"forever" to the grantee and his heirs and successors. The warranty clause binds the grantor and his heirs
and successors to ever defend the grantee's title against all persons lawfully claiming title. Title vests in the
trustee/grantee for just more than seven years until the trust terminates; upon termination, title passes either
to the beneficiary or his heirs. These clauses more strongly indicate irrevocability than the single clause in
Butler. In that case, the only language implying irrevocable conveyance required the grantor to defend the
title of the trustees and their successors, the majority of whom by time of trial had reconveyed their interest
to the grantor. In this case, multiple clauses indicate an irrevocable conveyance and the trustee did not
reconvey the property to the grantor; rather, the deed denies the trustee the power to convey the property. 
Read literally, the warranty clause requires the grantor to defend the grantee's title against himself, a
scenario similar to that created by the language of the quitclaim deed in Austin Lake. The trial court's
interpretation gives effect to the language of the granting and habendum clauses better than does appellant's
alternative. We conclude that the trial court correctly ruled that the trust was irrevocable.

 We overrule the sole point of error and affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 19, 1997

Do Not Publish

1. The parties agreed by Rule 11 agreement that this was the core issue for the trial court's consideration
of the cross-motions for partial summary judgment.


ment vacated by settlement, 938 S.W.2d 717 (Tex.
1997). Otherwise the trust is revocable and may be amended. Prop. Code § 112.051(a), (b). The trust-creating document need not contain specific words of art to create an irrevocable trust, but merely must
reflect the trustor's intent to make the trust irrevocable. Austin Lake Estates Recreation Club, Inc. v.
Gilliam, 493 S.W.2d 343, 347 (Tex. Civ. App.--Austin 1973, writ ref'd n.r.e.). Our review of the case
law reveals few cases on the issue of whether an instrument that does not expressly state that the trust is
irrevocable has nevertheless created an irrevocable trust. Two cases help define the parameters of
revocability. Id.; Butler v. Shelton, 408 S.W.2d 530, 533-34 (Tex. Civ. App.--Austin 1966, writ ref'd
n.r.e.).

 In Butler, this Court held that a deed did not create an irrevocable trust. Id. at 534. The
grantors conveyed 3.18 acres by general warranty deed to five trustees to create a park for all persons who
bought land from the grantors. Id. at 531. Several years later three of the trustees returned their interest
to the grantors; after the two remaining trustees refused to reconvey their interest, the grantors canceled
the trust. Id. The granting clause of the deed provided that the grantors "do hereby Grant, Sell, and
Convey unto the following named persons as trustees" the 3.18 acres. Id. at 532 n.1. The habendum
clause of the deed provided that the trustees were "TO HAVE AND TO HOLD the above described
premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the
said Trustees and their successors, for the use and benefit of the property owners." Id. at 533. The
habendum clause lacked the customary language that the heirs and assigns of the grantee shall hold the
property "forever." The warranty section similarly lacked an indeterminate warranty period; the grantors
promised to warrant and forever defend the title of the trustees and their successors as trustees, rather than
to defend the heirs and assigns of the trustees forever. The Butler deed did not create an irrevocable trust. 
Id. at 534.

 In Austin Lake, this Court held a conveyance by quitclaim deed to trustees created an
irrevocable trust. 493 S.W.2d at 347. Austin Lake Estates Recreation Club, Inc. conveyed the property
to the trustees so that residents would have access to the lake. The deed conveyed the land to the trustees,
"their heirs and assigns forever, so that neither said corporation nor its successors and assigns shall have
any right or title or interest in such property, premises or appurtenances or any part thereof at any time
thereafter." Id. (emphasis added). This Court held that the quoted language reflected the trustor's intent
to make the trust irrevocable.

 The deed at issue here shows the grantors intended, when executing of the deed, to create
an irrevocable trust. The habendum clause, conjoined with th